**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1199, | : : : | Civil Action No. _____<br><br>Judge _____ |
| Plaintiffs, | : | **COMPLAINT FOR A TEMPORARY** |
| vs. | : | **RESTRAINING ORDER, PRELIMINARY-** <br> **AND PERMANENT-INJUNCTIVE RELIEF** <br> **AND DECLARATORY RELIEF** |
| J. KENNETH BLACKWELL, in his official capacity as Secretary of State of Ohio, | : | |
| Defendant. | : | |
| | : | |

Plaintiffs The Northeast Ohio Coalition for the Homeless ("NEOCH") and Service Employees International Union ("SEIU") (collectively "Plaintiffs"), who bring this action on behalf of themselves and their members, seek a temporary restraining order, preliminary- and permanent-injunctive relief, and declaratory relief against Ohio Secretary of State J. Kenneth Blackwell ("Defendant"), and state and allege as follows:

## I.     THE NATURE OF THE ACTION

1.     Plaintiffs bring this action under 42 U.S.C. § 1983 to have the new voter-identification laws set forth in House Bill 3 and codified in Ohio Revised Code Sections

3501.01(AA), 3501.19, 3505.18, 3505.181(A)(2), 3505.181(A)(3), 3505.181(A)(4),

3505.181(A)(12), 3505.181(A)(13), 3505.181(B)(6), 3505.181(B)(7), 3505.181(B)(8)(a),

portions of 3505.182, 3505.183(B)(3)(d), 3505.183(B)(4)(a)(v), 3505.183(B)(4)(a)(vii),

3509.03(E), portions of 3509.04, portions of 3509.05, portions of 3509.06(D) and portions of

3509.07 declared unconstitutional, and to obtain an order restraining their enforcement

temporarily and enjoining their enforcement preliminarily and permanently, on the grounds that

these laws, which subject voters to possible criminal penalties, are confusing, vague, and

impossible to apply, and indeed are being and will be applied differently by Ohio's Boards of

Elections, and thereby will work a patent and fundamental unfairness on voters and violate their

members' fundamental right to vote as protected by the Due Process and Equal Protection

Clauses of the Fourteenth Amendment to the United States Constitution.

2.     Plaintiffs further bring this action under 42 U.S.C. § 1983 to have the new voter-

identification laws set forth in House Bill 3 and codified in Ohio Revised Code Sections

3501.01(AA), 3501.19, 3505.18, 3505.181(A)(2), 3505.181(A)(3), 3505.181(A)(4),

3505.181(A)(12), 3505.181(A)(13), 3505.181(B)(6), 3505.181(B)(7), 3505.181(B)(8)(a),

portions of 3505.182, 3505.183(B)(3)(d), 3505.183(B)(4)(a)(v), 3505.183(B)(4)(a)(vii),

3509.03(E), portions of 3509.04, portions of 3509.05, portions of 3509.06(D) and portions of

3509.07 declared unconstitutional, and to obtain an order enjoining their enforcement

preliminarily and permanently, on the grounds that these laws require voters who vote on

Election Day to produce certain types of identification either at the polls or within ten days after

Election Day, whereas voters who vote by absentee ballot either before or on Election Day are

not required to produce such identification, and thereby place an unnecessary, unconstitutional,

unequal and undue burden on their members' right to vote in violation of the Equal Protection

Clause of the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1964 (42 U.S.C. §§ 1971(a)(2)(A) and (a)(2)(B)).

3. Plaintiffs further bring this action under 42 U.S.C. § 1983 to have the new voter-identification laws set forth in House Bill 3 and codified in Ohio Revised Code Sections 3501.01(AA), 3501.19, 3505.18, 3505.181(A)(2), 3505.181(A)(3), 3505.181(A)(4), 3505.181(A)(12), 3505.181(A)(13), 3505.181(B)(6), 3505.181(B)(7), 3505.181(B)(8)(a), portions of 3505.182, 3505.183(B)(3)(d), 3505.183(B)(4)(a)(v), 3505.183(B)(4)(a)(vii), 3509.03(E), portions of 3509.04, portions of 3509.05, portions of 3509.06(D) and portions of 3509.07 declared unconstitutional, and to obtain an order enjoining their enforcement preliminarily and permanently, on the grounds that these laws (a) bar voters who do not have the required identification but do have a Social Security number from voting on Election Day, in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1964 (42 U.S.C. §§ 1971(a)(2)(A) and (a)(2)(B)), (b) require voters who use certain types of identification (e.g., a utility bill or bank statement) to provide proof of their current addresses but do not require voters who use other types of identification (e.g., a driver's license or state-identification card) to provide such proof, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1964 (42 U.S.C. §§ 1971(a)(2)(A) and (a)(2)(B)), and (c) impose a poll tax on these types of voters by requiring them to purchase a state-identification card and/or birth certificate to exercise their right to vote, in violation of the Twenty-Fourth and Fourteenth Amendments to the United States Constitution.

4. Plaintiffs further bring this action under 42 U.S.C. § 1983 to obtain an order declaring that the new provisional-ballot laws set forth in House Bill 3 and codified at Ohio

Revised Code Sections 3505.181(B)(4) and 3505.183(B) are so vague and internally inconsistent that Ohio's Boards of Elections cannot and will not apply them uniformly when determining whether provisional ballots are eligible to be counted, and thereby will work a patent and fundamental unfairness on voters, in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution. Plaintiffs further seek an order that interprets these statutory provisions and sets forth the procedures that Ohio's Boards of Elections must apply when determining whether provisional voters' ballots should be counted under Ohio Revised Code Sections 3505.181(B)(4) and 3505.183(B).

## II.     JURISDICTION AND VENUE

5.      This case arises under the Constitution and laws of the United States. This Court has subject-matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1343(3) & (4), and 42 U.S.C. §§ 1971(d) and 1973j(f). This suit is authorized by 42 U.S.C. § 1983. This Court has jurisdiction to grant both declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

6.      Venue in this district and division is proper under 28 U.S.C. § 1391(b) because this action is predicated upon a federal question and a substantial part of the events or omissions giving rise to the claims alleged in this complaint have occurred, and will continue to occur, in this district.

## III.     THE PARTIES

7.      Plaintiff NEOCH is a non-profit charitable organization operating in the City of Cleveland that provides services to approximately 25,000 homeless people each year. Approximately ten percent of its members are homeless. Over the last year Plaintiff NEOCH has helped hundreds of homeless people register to vote. Plaintiff NEOCH also helps homeless people obtain birth certificates, as between 20 and 30 percent of that population does not have

4

any form of identification. Plaintiff NEOCH has standing to enforce the rights asserted here on behalf of itself and its members.

8. Plaintiff SEIU, located in Columbus, Ohio, is the local affiliate of a national union with more than 1.8 million members and 50,000 retirees. It engages in voter-registration activities and other election-related efforts on behalf of its members. Plaintiff SEIU has standing to enforce the rights asserted here on behalf of itself and its members.

9 Defendant J. Kenneth Blackwell is sued in his official capacity as the Secretary of State of Ohio. Under the Ohio Election Code (Ohio Rev. Code §§ 3501.01 et seq.), the Secretary of State functions as the chief-election officer of the state (Ohio Rev. Code § 3501.04). In that capacity, he is charged with the duty of providing general supervision over the administration of the election laws throughout the State of Ohio, including the specific statutory provisions challenged in this lawsuit. He is also responsible for promulgating rules, instructions, and directives for the conduct of elections in Ohio, and compelling election officers to observe the requirements of all state and federal election laws (Ohio Rev. Code §§ 3501.01 and 3501.05).

## IV. THE NEW VOTER-IDENTIFICATION LAWS ARE CONFUSING, VAGUE, AND IMPOSSIBLE TO APPLY

### A. Overview Of The New Voter-Identification Laws

10. Plaintiffs incorporate the allegations in paragraphs 1 through 9 as if fully restated here.

11. In 2006 the Ohio General Assembly passed House Bill 3, which amended the Ohio Election Code to include new voter-identification and provisional-ballot laws. These new laws took effect on June 1, 2006.

12. Under these new voter-identification laws, voters may or must provide specific types of identification when casting their ballots.

13. Specifically, voters may or must provide proof of their identities "in the form of a current and valid photo identification, a military identification that shows the voter's name and current address, or a copy of a current utility bill, bank statement, government check, paycheck, or other government document, other than a notice of an election mailed by a board of elections under section 3501.19 of the Revised Code or a notice of voter registration mailed by a board of elections under section 3503.19 of the Revised Code, that shows the name and current address of the elector." E.g., Ohio Rev. Code § 3505.18(A)(1).

14. These new voter-identification laws are mandatory for all persons who cast their votes by regular ballot on Election Day. Ohio Rev. Code § 3505.18.

15. These new voter-identification laws are *not* mandatory for absentee voters who cast their votes by absentee ballot, whether by mail or in-person at their Boards of Elections, before or on Election Day. Ohio Rev. Code §§ 3509.03, 3509.04, 3509.05.

16. Some, but not all, voters who cannot provide any of the required forms of identification will be allowed to cast a provisional ballot on Election Day.

     a)    Voters who have but cannot provide the required identification, and also have a Social Security number, will be allowed to cast a provisional ballot. Ohio Rev. Code §§ 3505.18(A)(2) & (3), 3505.181(A)(2) & (3).

     b)    Voters who do not have the required identification, and also do not have a Social Security number, will be allowed to cast a provisional ballot. Ohio Rev. Code §§ 3505.18(A)(4) & (5), 3505.181(A)(4) & (12).

c) Voters who have but refuse to provide the required identification, or who have but refuse to provide a Social Security number, will be allowed to cast a provisional ballot. Ohio Rev. Code §§ 3505.18(A)(6), 3505.181(A)(13).

d) Voters who do not have the required identification, but do have a Social Security number, are not permitted to cast a regular or provisional ballot on Election Day. Ohio Rev. Code §§ 3505.18, 3505.181.

**B. Portions Of The New Voter-Identification Laws Are Confusing, Vague Or Impossible To Apply, As Shown By The Fact That Boards Of Elections Are Applying Different Interpretations Of These Laws**

17. Plaintiffs incorporate the allegations in paragraphs 1 through 16 as if fully restated here.

18. The new voter-identification laws are confusing, vague, and impossible to apply.

19. Indeed, Boards of Elections are applying different interpretations of the new voter-identification laws.

> *1. Boards of Elections are applying different interpretations of the phrase "current utility bill, bank statement, government check, paycheck, or other government document"—and voters will be uncertain of what to provide.*

20. One acceptable form of identification is a "current utility bill, bank statement, government check, paycheck, or other government document." Ohio Rev. Code § 3505.18(A)(1).

21. The Ohio Election Code does not define the word "current" as it is used in this statutory provision.

22. The Ohio Election Code does not specify whether a utility bill, bank statement, paycheck, government check, or other government document will be "current" and acceptable if:

    a)    It is dated within the last thirty days;

    b)    It is dated within the last sixty days;

    c)    It is dated within the last ninety days;

    d)    It is dated within any particular time period; or

    e)    It has any date so long as the address is current.

23. Boards of Elections are applying their own interpretation of the word "current" or have not promulgated a standard at all.

    a)    A Cuyahoga County Board of Elections representative says that a "current" utility bill or similar form of identification should be this month's bill to be acceptable, doesn't "think" they'll disenfranchise anyone over last month's bill, but says the board will not honor older bills even with a current address.

    b)    The Mahoning and Franklin County Boards of Elections do not have policies regarding how "current" a utility bill or similar form of identification must to be acceptable.

    c)    Election officials at the Stark County Board of Elections were unsure how recent or current a utility bill or similar form of identification must be to be acceptable, but thought that it probably must be from October or November.

24.     Sixty-three Ohio Boards of Elections maintain websites. Only four of them attempt to explain how current a utility bill or similar form of identification must be to be acceptable but even they offer only that the identification be valid.

25.     Boards of Elections are not applying, and will not apply, the same standards when interpreting the word "current" in the phrase "current utility bill, bank statement, paycheck, government check or other government document" in the new voter-identification laws.

26.     Voters who provide a copy of what they believe to be a "current" utility bill, bank statement, government check, paycheck, or other government document will be deprived of their right to vote if their Boards of Elections decide, either at the polling place or after the voter's provisional or absentee vote has already been cast, that they will not accept this identification.

> **2.     Boards of Elections will apply different interpretations to the phrase "other government document"—and voters will be uncertain of what to provide.**

27.     Another acceptable form of identification is an "other government document." Ohio Rev. Code § 3505.18(A)(1).

28.     The Ohio Election Code does not define the phrase "other government document" as it is used in this statutory provision.

29.     To be acceptable, a "photo identification" must be issued by the State of Ohio or United States Government. Ohio Rev. Code § 3501.01(AA)(5).

30.     The Ohio Election Code is silent, however, regarding whether the "government" referred to in the phrase "other government document" must be the State of Ohio or the United States Government, or whether it could be some other governmental entity.

31.   Boards of Elections are applying different standards when interpreting the phrase "other government document."

    a)    The Cuyahoga County Board of Elections will accept any type of government document from the U.S., city, state, or county government.

    b)    The Hamilton and Knox County Boards of Elections will only accept a document that was issued by the State of Ohio or the United States Government.

    c)    One representative of the Franklin County Board of Elections had "no idea" stating that the term is "not defined" but would exclude board of elections documents. Another representative seemed to have a more expansive view.

32.   Sixty-three Ohio Boards of Elections maintain websites. Only two of them, Knox County and Hamilton County, attempt to explain the meaning of the phrase "other government document."

33.   Boards of Elections are not applying, and will not apply, the same standards when determining whether to accept an "other government document."

34.   Voters who provide an "other government document" will be deprived of their right to vote if their Boards of Elections decide, either at the polling place or after the voter's provisional or absentee vote has already been cast, that they will not accept this identification.

### 3. Boards of Elections are applying different practices regarding whether the "Photograph Number" on Ohio driver's licenses will be accepted—and voters will be uncertain of what to provide.

35. Absentee voters may provide their driver's license number instead of one of the required forms of identification when they return their absentee ballots to the Board of Elections. Ohio Rev. Code § 3509.03(E).

36. But an Ohio driver's license contains two numbers:

    a) One small number appears buried along the center of the left-hand side of the driver's license under the words "LICENSE NO" (License Number).

    b) The other number, much larger and more prominent, appears over the photograph (Photograph Number).

37. The statute does not specify which of these two numbers voters must provide when they return their absentee ballots.

38. Boards of Election are applying different standards, or no standards at all, to the issue of whether to accept only the License Number, only the Photograph Number, or both.

    d) While the executive director of the Cuyahoga County Board of Elections said that the Board will count absentee ballots with the Photograph Number, two other staff persons reported that such ballots are being rejected.

    a) The Mahoning County Board of Elections will not accept the Photograph Number.

    b) The Franklin County Board of Elections has made a formal inquiry to Defendant regarding whether it may accept the Photograph Number.

c) The Trumbull County Board of Elections does not understand the issue.

39. Sixty-three Ohio Boards of Elections maintain websites. None of them address this issue.

40. Boards of Elections are not applying, and will not apply, the same standards when determining whether to accept both numbers from an absentee voter's driver's license.

41. Voters who provide the Photograph Number will be deprived of their right to vote if their Boards of Elections decide, either at the polling place or after the voter's provisional or absentee vote has already been cast, that they will not accept this identification.

> *4.* *Boards of Elections are applying different practices regarding whether military-identification cards are acceptable—and voters will be uncertain of whether these may be provided.*

42. Another acceptable form of identification is a "a military identification that shows the voter's name and current address." Ohio Rev. Code § 3505.18(A)(1).

43. On information and belief, military-identification cards issued by the Army, Air Force and Navy to their military personnel do not show the holder's current address.

44. The impossibility of providing a military-identification card with a current address is causing and will cause significant confusion when voters try to present military-identification cards so that they can vote, either by absentee ballot or on Election Day.

45. Boards of Elections are applying different practices regarding whether to accept military-identification cards that do not show current addresses.

a) The Mahoning and Trumbull County Boards of Elections will not accept military-identification cards that do not show current addresses.

b) The Cuyahoga County Board of Elections will accept military-identification cards that do not show current addresses.

46. Sixty-three Ohio Boards of Elections maintain websites. Several of those websites repeat the language of the statute that provides that military-identification cards must show current addresses. Three of those websites state that they will accept military-identification cards but do not specify whether those identification cards must show current addresses.

47. Boards of Elections are not applying, and will not apply, the same standards when determining whether to accept military-identification cards.

48. Voters who provide military-identification cards will be deprived of their right to vote if their Boards of Elections decide, either at the polling place or after the voter's provisional or absentee vote has already been cast, that they will not accept this identification.

### 5. Some Boards of Elections are wrongly requiring voters to produce a photo identification with a current address—and voters will be uncertain of what must be provided.

49. Another acceptable form of identification is a "current and valid photo identification." Ohio Rev. Code § 3505.18(A)(1).

50. The phrase "current and valid photo identification" is not defined in the same statutory provision in which it appears. Ohio Rev. Code § 3505.18(A)(1).

51. A different statutory provision, Ohio Revised Code Section 3501.01(AA), explains that a " photo identification" must show the voter's name and photograph, have an expiration date that has not passed, have been issued by either the United States Government or the State of Ohio, and have a current *or former* address.

52. Accordingly, Ohio driver's licenses or state-identification cards that show former addresses are acceptable identification. Ohio Rev. Code §§ 3501.01(AA), 3505.18(A)(1).

53. Some Boards of Elections are not accepting and will not accept Ohio driver's licenses or state-identification cards that show former addresses.

     a) The Trumbull County Board of Elections will deny the right to cast a regular ballot to voters who present an unexpired Ohio driver's license or state identification, but Mahoning County (next door) will permit the voter to vote.

     b) Cuyahoga County's Board of Elections staff attempted to deny at least one voter the right to vote a regular ballot who presented a driver's license with his previous ballot, despite the executive director's assurance that this was not the practice. The voter, a lawyer who knew the law, had to persist through a layer of supervision before the issue was resolved.

54. Sixty-three Ohio Boards of Elections maintain websites. Only four of those websites state that valid driver's licenses with former addresses would be acceptable. The remaining websites do not address the issue.

55. Boards of Elections are not applying, and will not apply, the same standards when determining whether to accept Ohio driver's licenses or state-identification cards that show former rather than current addresses.

56. Voters who provide Ohio driver's licenses or state-identification cards that show former addresses will be deprived of their right to vote if their Boards of Elections decide, either

at the polling place or after the voter's provisional or absentee vote has already been cast, that they will not accept this identification.

### 6. *Some Boards of Elections are wrongly requiring absentee voters to produce one of the required forms of identification—and absentee voters will be uncertain of what must be provided.*

57.     Voters who vote by absentee ballots, whether by mail or in-person at their Boards of Elections, are permitted to provide a Social Security number or driver's license number in lieu of one of the required forms of identification. Ohio Rev. Code §§ 3509.03, 3509.05(A).

58.     Indeed, the Identification Envelope Statement on the absentee ballot envelope, which is filled out and returned by the voter, specifically states that the voter "must provide *one* of the following:" (a) a driver's license number, (b) the last four digits of a Social Security number, or (c) a copy of one of the required forms of identification. Ohio Rev. Code § 3509.04.

59.     Nevertheless, some Boards of Elections are refusing to accept Social Security numbers from early in-person voters who cast absentee ballots. Instead, they are requiring early in-person voters to provide one of the required forms of identification when applying for or submitting their ballots.

   a)     The Lucas County Board of Elections is requiring early in-person voters to provide one of the required forms of identification, and will not accept Social Security numbers.

   b)     The Cuyahoga County Board of Elections is requiring early in-person voters to provide one of the required forms of identification and will not accept Social Security numbers—but will accept Social Security numbers from absentee voters who mail in their ballots.

60. Other Boards of Elections, including the Franklin County Board of Elections, are allowing early in-person voters to provide Social Security numbers in lieu of one of the required forms of identification.

61. Boards of Elections are applying different standards regarding whether early in-person voters may provide Social Security numbers in lieu of providing one of the required forms of identification.

62. Early in-person voters who do not have one of the required forms of identification will be deprived of their right to vote if their Boards of Elections decide, either at the Board of Elections or after the voter's absentee vote has already been cast, that they will not accept Social Security numbers as the sole form of identification.

### C. Defendant Has Failed To Give Boards Of Elections The Necessary Guidance Regarding How To Interpret And Apply These New Laws

63. Plaintiffs incorporate the allegations in paragraphs 1 through 62 as if fully restated here.

64. Defendant, in his capacity as Ohio Secretary of State, has been repeatedly asked to provide guidance regarding how Boards of Elections should interpret and apply the new voter-identification laws.

65. Defendant had previously indicated that he would issue such directives.

66. On June 5, 2006, Defendant issued Advisory No. 2006-05 to all Boards of Elections. This directive contains 21 pages summarizing the various changes made in House Bill 3. It does not, however, provide the necessary guidance regarding how Boards of Elections should interpret and apply the new voter-identification laws.

67. In fact, Defendant's Advisory No. 2006-05 fails to correctly describe the voter-identification requirements. It states as follows:

> R.C. 3505.18 as amended requires each elector, upon appearing at the polling place to vote, to announce his or her full name and current address and provide proof of the elector's identity. The form of identification that may be used includes the voter's current and valid photo identification card, military identification, copy of utility bill, bank statement, paycheck, government check, or government document* showing the voter's name and current address.
>
> *The act specifies that an elector cannot use as proof of identification a notice that the board of elections mailed to voter [sic] under R.C. 3501.19 or 3503.19.
>
> If the elector does not have, or fails or refuses to provide, the required proof of identity, that elector may cast a provisional ballot under R.C. 3505.181, discussed below.

68. Regarding absentee ballots, Defendant's Advisory No. 2006-05 states only the following:

> Any qualified Ohio elector who is registered to vote at the elector's correct voting residence address may request an absentee ballot without stating a reason. The act:
>
> - Adds the military ID as another document that may be used by an elector as proof of identity;
>
> - Specifies that an elector cannot use as proof of identification a notice that the board of elections mailed to voter [sic] under R.C. 3501.19 or 3503.19; and
>
> - Specifies the reasons for which an absentee ballot must be rejected. *See* R.C. 3509.09, 3511.09 and 3511.13.

69. Defendant's Advisory No. 2006-05 fails correctly to quote the language in the new voter-identification requirements (e.g., Ohio Rev. Code § 3505.18(A)).

a)    It fails to quote the language of the statute requiring "a military identification *that shows the voter's name and current address*."

17

b)   It fails to quote the language of the statute requiring "a copy of a *current* utility bill, bank statement, government check, paycheck, or other government document …."

70.   Defendant's Advisory No. 2006-05 wholly fails to address the issues raised in this complaint, and indeed for some issues is likely to cause more rather than less confusion.

a)   It fails to explain how current or recent a utility bill or similar form of identification must be to be acceptable—indeed, it leaves out the word "current" in its description of these forms of identification.

b)   It fails to explain what the phrase "other government document" means or whether it must be issued by the State of Ohio or United States Government.

c)   It fails to inform Boards of Elections that absentee voters can provide a driver's license number in lieu of the required identification, much less explain whether a Photograph Number will be acceptable.

d)   It fails to address whether military identification cards without current addresses will be acceptable—indeed, it leaves out the phrase "that shows the voter's name and current address" when listing military identifications as acceptable forms of identification.

e)   It fails to advise Boards of Elections that Ohio driver's licenses and state-identification cards may, by law (Ohio Rev. Code § 3501.01(AA)), show former addresses and still constitute acceptable identification.

     f)     It fails to advise Boards of Elections that absentee voters may, by law (Ohio Rev. Code §§ 3509.03, 3509.05(A)), provide the last four digits of a Social Security number or a driver's license number in lieu of providing one of the required forms of identification.

71.     On August 2, 2006, Director of Elections Judy Grady issued a one-page memorandum to Boards of Elections that further discussed the voter-identification requirements in House Bill 3.

72.     This one-page memorandum provides a different but still incorrect description of the voter-identification requirements:

> Ohio Revised Code section 3505.18 as amended requires each elector, upon arriving at the polling place to vote, to announce his or her full name and current address and provide proof of the elector's identity. The form of identification that may be used includes the voter's current and valid photo identification card, military identification that shows the voter's name and current address, or a copy of a current utility bill, bank statement, government check, paycheck or other government document, other than a notice of an election mailed by a board of elections under Ohio Revised Code section 3501.19

73.     The above-quoted description omits the following language at the end of the paragraph: "or a notice of voter registration mailed by a board of elections under section 3503.19 of the Revised Code, *that shows the name and current address of the elector*."

74.     Some objectionable aspects of the new voter-identification laws, including the impossibility of providing a military-identification card with a current address, are fatally flawed and unenforceable, and could not have been cured by the Defendant's issuance of directives.

75. The confusion surrounding other aspects of the voter-identification laws could, however, have been significantly reduced or eliminated if the Defendant had issued directives regarding how to apply these laws.

76. Defendant failed to issue the necessary directives prior to the start of absentee voting in early October.

77. To date, Defendant has still failed to issue the necessary directives.

78. The resulting confusion has caused, and will cause, the disenfranchisement of individual voters due to uncertain, inconsistent, changing, or non-existent interpretations of the foregoing aspects of the new voter-identification laws.

**D. Absentee Voters Who Have Already Cast Their Votes Have Been And Will Be Irreparably Harmed By The Uncertainty And Confusion Surrounding These New Voter-Identification Laws**

79. Plaintiffs incorporate the allegations in paragraphs 1 through 78 as if fully restated here.

80. Even if the Defendant were to issue the necessary directives at this late date, absentee voters who have already cast their votes have suffered and will suffer irreparable harm because of the confusion surrounding the new voter-identification provisions.

a) Absentee voters who have already provided what they believed to be a "current" utility bill, bank statement, government check, paycheck, or other government document will be deprived of their right to vote if their Boards of Elections decide, either now or later, that they will not accept such identification.

b) Absentee voters who have already provided what they believed to be an "other government document" will be deprived of their right to vote if their Boards of Elections decide, either now or later, that they will not accept such identification.

c) Absentee voters who have already provided the Photograph Number from their Ohio driver's licenses will be deprived of their right to vote if their Boards of Elections decide, either now or later, that they will not accept such identification.

d) Absentee voters who have already provided a military-identification card will be deprived of their right to vote if their Boards of Elections decide, either now or later, that they will not accept such identification.

e) Absentee voters who have already provided a copy of a driver's license with a former rather than current address will be deprived of their right to vote if their Boards of Elections decide, either now or later, that they will not accept such identification.

f) Absentee voters who have already provided a Social Security number or driver's license number in lieu of a required form of identification will be deprived of their right to vote if their Boards of Elections decide, either now or later, that they will not accept such identification.

81. These absentee voters will be irreparably harmed because they will not be given notice of the need to provide a different form of identification, nor given the opportunity to provide it.

82. These absentee voters will also be irreparably harmed because they cannot ever find out if their ballots were rejected and not counted—unlike provisional voters, who can find out whether their ballots were rejected and not counted, and if so, why. Ohio Rev. Code § 3505.181(B)(5)(b).

83. These voters' inability to know what standards they must meet when providing identification, to provide a different form of identification if it is later determined that the identification they provided is not acceptable, or even to find out if their votes were counted, have caused and will cause immediate and irreparable harm to those absentee voters who have submitted or will submit with their absentee ballots any of the following: (a) a "current" utility bill or similar identification, (b) an "other government document," (c) a Photograph Number, (d) a military-identification card, (e) a Social Security number in lieu of the required identification, or (f) a copy of a driver's license with a former rather than current address.

**E.   The Confusion Surrounding The Voter-Identification Laws Will Have A Chilling Effect On Voters Who Are Told And Must Acknowledge That They Will Commit A Crime If They Violate These Laws**

84. Plaintiffs incorporate the allegations in paragraphs 1 through 83 as if fully restated here.

85. The Ohio Election Code, which includes the new voter-identification laws, provides that voters who commit election falsification can be prosecuted, fined and jailed.

    a)   A voter who knowingly states a falsehood as to a material matter is guilty of the crime of election falsification, which is a felony of the fifth degree. Ohio Rev. Code § 3399.36.

b) A fifth-degree felony is punishable by a maximum fine of $ 2,500 and a sentence of between six and twelve months in prison. Ohio Rev. Code §§ 2929.14, 2929.18.

86. More broadly, voters who violate *any* provision of the Ohio Election Code, including the new voter-identification laws, can be prosecuted, fined and jailed.

a) A voter who violates any provision of the Ohio Election Code is guilty of a first-degree misdemeanor. Ohio Rev. Code § 3599.40.

b) Voters can be prosecuted for this first-degree misdemeanor even if they did not intend to violate, or did not knowingly violate, the Ohio Election Code, including the new voter-identification laws. Ohio Rev. Code § 2901.21(B).

c) A first-degree misdemeanor is punishable by a maximum fine of $1,000 and a maximum sentence of six months in prison. Ohio Rev. Code §§ 2929.24, 2929.28.

87. Voters who submit absentee ballots must acknowledge, in writing, that they face possible criminal penalties. Ohio Rev. Code § 3509.04.

a) Absentee voters who choose to provide one of the required forms of identification when submitting their ballots must state that they are enclosing in the return envelope "a copy of one of the following ... a current and valid photo identification, a military identification that shows my name and current address, or a current utility bill, bank statement,

government check, paycheck, or other government document ... that shows my name and address."

b)     Immediately under that statement, absentee voters must acknowledge and sign this statement: "I hereby declare, under penalty of election falsification, that the statements above are true, as I verily believe."

c)     Immediately under the signature line appears the following statement in capital letters: "WHOEVER COMMITS ELECTION FALSIFICATION IS GUILTY OF A FELONY OF THE FIFTH DEGREE."

88.     Voters who submit provisional ballots must also acknowledge, in writing, that they face possible criminal penalties. Ohio Rev. Code § 3505.182.

89.     Voters do not know, and cannot know, what standards Boards of Elections will apply to several aspects of the new voter-identification laws.

a)     Several aspects of the new voter-identification laws are confusing, vague, and impossible to apply.

b)     Boards of Elections are in fact applying different interpretations of these aspects of the new voter-identification laws.

c)     Defendant has failed to issue guidance necessary to remedy the resulting uncertainty and confusion.

90.     Because voters are told and must acknowledge that they are subject to criminal penalties if they violate the Ohio Election Code, the uncertainty and confusion surrounding the meaning and interpretation of these aspects of the new voter-identification laws is having, and will have, a chilling effect on voters' willingness to exercise their right to vote.

91.     This chilling effect has deprived, and will deprive, voters of their right to vote.

**V.      THE NEW VOTER-IDENTIFICATION LAWS UNLAWFULLY TREAT SOME VOTERS LESS FAVORABLY THAN OTHER VOTERS**

**A.      The New Voter-Identification Laws Treat Election-Day Voters Less Favorably Than Absentee Voters Because Only Election-Day Voters Must Provide One Of The Required Forms Of Identification**

92.     Plaintiffs incorporate the allegations in paragraphs 1 through 91 as if fully restated here.

93.     Any registered voter may vote by absentee ballot.  Ohio Rev. Code § 3509.02(A).

94.     Absentee voters can apply for and cast their ballot either by mail or in-person at the Board of Elections.  Ohio Rev. Code § 3509.05.

95.     When absentee voters apply for or return their absentee ballots, they can provide either a driver's license number, the last four digits of a Social Security number, or one of the required forms of identification.  Ohio Rev. Code §§ 3509.03(E), 3509.04, 3509.05(A).

96.     Absentee voters therefore need not provide one of the required forms of identification when they apply for or return their absentee ballots, although they may choose to do so.

97.     Voters who vote at polling places on Election Day must, however, provide one of the required forms of identification in order to cast their vote.  Ohio Rev. Code § 3505.18.

98.     The new voter-identification laws therefore treat voters who vote at polling places on Election Day less favorably than voters who vote by absentee ballots either before or on Election Day.

**B. The New Voter-Identification Laws Treat Voters Who Do Not Have Any Of The Required Identification, But Do Have Social Security Numbers, Less Favorably Than Other Voters Because They Deprive These Voters Of The Right To Vote On Election Day**

99. Plaintiffs incorporate the allegations in paragraphs 1 through 98 as if fully restated here.

100. The new laws that govern voting procedure and the eligibility to cast provisional ballots allow five categories of voters who cannot or will not provide the required identification to vote by provisional ballot on Election Day. Ohio Rev. Code §§ 3505.18(A), 3505.181(A).

101. The first category includes any voter who "has but is unable to provide" the required identification "but has a social security number." These voters may provide the last four digits of their Social Security numbers and then cast a provisional ballot. Ohio Rev. Code §§ 3505.18(A)(2), 3505.181(A)(2).

102. The second category includes any voter who "has but is unable to provide" the required identification and "has a social security number but is unable to provide the last four digits" of that number. Ohio Rev. Code §§ 3505.18(A)(3), 3505.181(A)(3).

103. Voters in this second category may cast a provisional ballot but it will only be counted if they return to their Boards of Elections within ten days after Election Day and provide either one of the required forms of identification or the last four digits of their Social Security numbers. Ohio Rev. Code §§ 3505.181(B)(7), 3505.181(B)(8) and 3505.181(B)(8)(a).

104. The third category includes any voter who "does not have" the required identification "and cannot provide the last four digits of the elector's social security number because the elector does not have a social security number." Ohio Rev. Code §§ 3505.18(A)(4), 3505.181(A)(4).

105.    Voters in this third category may cast a provisional ballot after they "execute an affirmation under penalty of election falsification that the elector cannot provide the identification required under that division or the last four digits of the social security number for those reasons." Ohio Rev. Code § 3505.18(A)(4).

106.    The fourth category includes any voter who "does not have" the required identification "and cannot provide the last four digits of the elector's social security number because the elector does not have a social security number" and also "declines to execute" the required affirmation. Ohio Rev. Code §§ 3505.18(A)(5), 3505.181(A)(12).

107.    Voters in this fourth category may cast a provisional ballot but it will only be counted if they return to the Board of Elections within ten days after Election Day and execute the required affirmation. Ohio Rev. Code §§ 3505.181(B)(7), 3505.181(B)(8), 3505.181(B)(8)(a)(iii).

108.    The fifth and final category includes any voter who "has but declines to provide" the required identification or "has a social security number but declines to provide" the last four digits of that number. Ohio Rev. Code §§ 3505.18(A)(6), 3505.181(A)(13).

109.    Voters in this fifth category may cast a provisional ballot but it will only be counted if these voters return to their Boards of Elections within ten days after Election Day and provide either the required identification or the last four digits of their Social Security numbers. Ohio Rev. Code §§ 3505.181(B)(7), 3505.181(B)(8) and 3505.181(B)(8)(a).

110.    There is *no* provision that allows voters who do not have the required identification, but have and are willing to provide the last four digits of their Social Security numbers, to cast a provisional ballot. Ohio Rev. Code §§ 3505.18(A), 3505.181(A).

111. The new voter-identification laws do not allow these voters to vote by either regular ballot or provisional ballot on Election Day.

112. The new voter-identification laws do not allow these voters to vote on Election Day even though the notice that was mailed to each voter stated that "[v]oters who do not provide one of these documents will still be able to vote by providing the last four digits of the voter's social security number and by casting a provisional ballot." Ohio Rev. Code § 3501.19.

113. The absence of any provision in the new voter-identification laws that allows voters who do not have the required identification but do have a Social Security number to cast their votes on Election Day, and the uncertainty and confusion resulting from this lack of statutory authorization, threaten to deprive and effectively will deprive these voters of their fundamental right to vote.

114. Voters who lack the required identification but have Social Security numbers must purchase State of Ohio identification cards and/or birth certificates to vote on Election Day.

115. On information and belief, the cost of a new state-identification card is $ 8.50.

116. The cost of obtaining a birth certificate varies from jurisdiction to jurisdiction.

117. In Cleveland, the cost of obtaining a birth certificate is approximately $ 19.00.

      **C.    The New Voter-Identification Laws Treat Voters Who Provide A Utility Bill, Bank Statement, Government Check, Paycheck Or Other Government Document Less Favorably Than Other Voters Because Only These Voters Must Provide Proof Of Their Current Addresses**

118. Plaintiffs incorporate the allegations in paragraphs 1 through 117 as if fully restated here.

119.    Voters who provide Ohio driver's licenses or state-identification cards with their former addresses can cast regular ballots, and are not required to provide proof of their current addresses.  Ohio Rev. Code §§ 3501.01(AA), 3505.18(A)(1).

120.    Voters who have but are unable to provide the required identification can cast provisional ballots upon providing the last four digits of their Social Security numbers, and are not required to provide proof of their current addresses.  Ohio Rev. Code §§ 3505.18(A)(2), (3), 3505.181(A)(2), (3).

121.    Voters who have neither the required identification nor a Social Security number can cast provisional ballots upon executing a written affirmation that they do not have them, and are not required to provide proof of their current addresses.  Ohio Rev. Code §§ 3505.18(A)(4), (5), 3505.181(A)(4), (12).

122.    The only voters who must provide proof of their current addresses are those who provide identification in the form of a utility bill, bank statement, government check, paycheck, or other government document.  E.g., Ohio Rev. Code § 3505.18(A)(1).

123.    At least some voters who do not have the required identification but do have Social Security numbers could vote on Election Day if they were permitted to provide a utility bill, bank statement, government check, paycheck, or other government document with a former rather than current address.

124.    The voter-identification laws impermissibly require only some, but not all, registered voters to provide proof of their current addresses.

125.    This inequality threatens to deprive and effectively will deprive some of those voters, including members of Plaintiffs, of their fundamental right to vote.

## VI. THE NEW PROVISIONAL-BALLOT LAWS DO NOT PROVIDE ADEQUATE GUIDANCE REGARDING WHAT STANDARDS BOARDS OF ELECTIONS SHOULD APPLY WHEN DETERMINING WHETHER PROVISIONAL BALLOTS ARE ELIGIBLE TO BE COUNTED

126. Plaintiffs incorporate the allegations in paragraphs 1 through 125 as if fully restated here.

127. In addition to adding new voter-identification laws, House Bill 3 amended the Ohio Election Code to include new provisional-ballot laws. Ohio Rev. Code §§ 3505.181, 3505.182, 3505.183.

128. One new provisional-ballot law attempts to explain what factors Boards of Elections must consider when determining whether provisional ballots are eligible to be counted. Ohio Rev. Code § 3505.183.

129. This new provisional-ballot law is vague, contradictory and fatally flawed.

130. This new provisional-ballot cannot be and will not be uniformly applied by Ohio's Boards of Elections.

### A. The New Provisional-Ballot Law Does Not Explain Which "Records" Boards Of Elections Should Examine When Determining Whether Provisional Ballots Are Eligible To Be Counted

131. Plaintiffs incorporate the allegations in paragraphs 1 through 130 as if fully restated here.

132. The new provisional-ballot law requires each Board of Elections to examine "its records" when determining whether provisional voters are both registered and eligible to vote in that election. Ohio Rev. Code § 3505.183(B)(1).

30

133. The statute does not specify what "records" Boards of Elections should examine, or impose any requirement that every Board of Elections examine the same records.

134. The term "records" is vague, uncertain, and provides insufficient guidance regarding what standards Boards of Elections should and will apply when determining whether provisional ballots are eligible to be counted.

135. The statute does not require each individual Board of Elections to apply the same definition of "records" to all of the provisional ballots that it reviews.

136. The statute does not require Boards of Elections to apply the same definition(s) of "records" that are applied by other Boards of Elections.

137. Defendant has failed to provide guidance regarding what records Boards of Elections should examine when determining whether provisional ballots are eligible to be counted.

138. For all of these reasons, Boards of Elections cannot and will not apply the same standards when examining their records and determining whether provisional ballots are eligible to be counted.

**B.    The New Provisional-Ballot Law Does Not Explain How Boards Of Elections Should Evaluate "Additional Information" Provided By The Voter On The Provisional Ballot Affirmation Form**

139. Plaintiffs incorporate the allegations in paragraphs 1 through 138 as if fully restated here.

140. When determining whether provisional ballots are eligible to be counted, Boards of Elections must examine "any additional information for determining ballot validity" provided on the Provisional Ballot Affirmation Form. Ohio Rev. Code § 3505.183(B)(2).

a)    The Provisional Ballot Affirmation Form requires each voter to provide his date of birth and the last four digits of his Social Security number.

b)    The Provisional Ballot Affirmation Form allows, but does not require, each voter to provide his current address, former address, driver's license number, or copy of one of the required forms of identification.

141.    Ohio Revised Code Section 3505.183 does not explain what procedure, if any, Boards of Elections should follow when examining these types of information on the Provisional Ballot Affirmation Form to "determine[e] ballot validity."

142.    The statute does not require Boards of Elections to take affirmative steps to verify or confirm provisional voters' identities based on the additional information provided, or explain how those steps should be taken if they are required.

143.    For example, the statute does not explain whether Boards of Elections may, should or may not compare the information provided by the voter with data maintained by another government agency, such as the Ohio Bureau of Motor Vehicles.

144.    The statute does not require each individual Board of Elections to apply the same standards to all of the provisional ballots that it reviews.

145.    The statute does not require Boards of Elections to apply the same standards that are applied by other Boards of Elections.

146.    Defendant has failed to provide guidance regarding what standards Boards of Elections should apply when examining additional information provided by the voter on the Provisional Ballot Affirmation Form.

147. For all of these reasons, Boards of Elections cannot and will not apply the same standards when examining additional information provided by the voter on the Provisional Ballot Affirmation Form and determining whether provisional ballots are eligible to be counted.

### C. The New Provisional-Ballot Law Does Not Explain How Boards Of Elections Should Evaluate "Additional Information" Provided By Voters To Boards Of Elections Within Ten Days After Election Day

148. Plaintiffs incorporate the allegations in paragraphs 1 through 147 as if fully restated here.

149. The same new provisional-ballot law further provides that when determining whether a provisional ballot should be counted, the Board of Elections shall examine any additional information that was provided by the voter to the Board of Elections within ten days after Election Day. Ohio Rev. Code § 3505.183(B)(2).

150. Ohio Revised Code Section 3505.183 does not explain what procedure, if any, Boards of Elections should follow when examining this additional information, or impose any requirement that Boards of Elections follow the same procedure and apply the same standards.

151. The statute does not require Boards of Elections to take affirmative steps to verify or confirm provisional voters' identities based on the additional information provided, or explain how those steps should be taken if they are required.

152. Again, for example, the statute does not explain whether Boards of Elections may, should or may not compare the information provided by the voter with data maintained by another government agency, such as the Ohio Bureau of Motor Vehicles.

153. The statute does not require each individual Board of Elections to apply the same standards to all of the provisional ballots that it reviews.

154. The statute does not require Boards of Elections to apply the same standards that are applied by other Boards of Elections.

155. Defendant has failed to provide guidance regarding what standards Boards of Elections should apply when examining additional information provided by the voter within ten days after Election Day.

156. For all of these reasons, Boards of Elections cannot and will not apply the same standards when examining additional information provided by the voter within ten days after Election Day and determining whether provisional ballots are eligible to be counted.

**D.    The New Provisional-Ballot Law Contains Conflicting Provisions Regarding What Factors Boards Of Elections Should Consider When Determining Whether Provisional Ballots Are Eligible To Be Counted**

157. Plaintiffs incorporate the allegations in paragraphs 1 through 156 as if fully restated here.

158. The same new provisional-ballot law contains two sub-sections that purport to describe the circumstances under which a Board of Elections should count or should not count a provisional ballot. They provide inconsistent guidance on that issue.

159. The first sub-section, Ohio Revised Code Section 3505.183(B)(3), directs Boards of Elections to count provisional ballots if all of these *five* factors apply:

    a)    The voter is properly registered to vote,

    b)    The voter is eligible to vote in that precinct and election,

    c)    The voter provided a written affirmation of his registration and eligibility and his name and signature on the Provisional Ballot Affirmation Form,

d)      The voter provided any additional information that he was required to provide within the ten days after Election Day, and

e)      If applicable, a post-election hearing resulted in the voter's inclusion on the official registration list.

160.    The second sub-section (Ohio Rev. Code § 3505.183(B)(4)(a)) directs Boards of Elections not to count provisional ballots if any of these *eight* factors apply:

a)      The voter is not qualified to vote,

b)      The voter is not properly registered to vote,

c)      The voter is not eligible to vote in that precinct or election,

d)      The voter did not provide some or all of the information required by the Provisional Ballot Affirmation Form,

e)      The voter had already cast a ballot in the same election,

f)      The voter did not provide the additional information that she was required to provide to the Board of Elections within ten days after Election Day,

g)      If applicable, a post-election hearing did not result in the voter's inclusion on the official registration list, or

h)      The voter did not provide one of the required forms of identification, the last four digits of her social security number, or a written affirmation under penalty of election falsification that she does not have any of the required forms of identification or a social security number.

161.     Boards of Elections that follow the first sub-section will count provisional ballots if they find that the voters who cast them (a) are registered, (b) are eligible, (c) affirmed their registration and eligibility and provided their names and signatures, (d) provided any required information within ten days after election, and, (e) if applicable, had a successful result in their post-election hearing.  Ohio Rev. Code § 3505.183(B)(3).

162.     By contrast, Boards of Elections that follow the second sub-section will count provisional ballots only if they find that they voters who cast them (a) are registered, (b) are eligible, (c) affirmed their registration and eligibility and provided their names and signatures, (d) provided any required information within ten days after election, (e) if applicable, had a successful result in their post-election hearing, *and also* (f) are qualified, (g) did not already cast a ballot in the same election, and (h) provided one of the required forms of identification.  Ohio Rev. Code § 3505.183(B)(4)(a).

163.     Under the statute, Boards of Elections could either consider only the five factors in Ohio Revised Code Section 3505.183(B)(3), or ignore that provision and consider all eight factors in Ohio Revised Code Section 3505.183(B)(4).

164.     The Defendant has not issued guidance regarding which of these two conflicting provisions Boards of Elections should follow when deciding whether provisional ballots are eligible to be counted.

165.     The statute does not require each individual Boards of Elections to apply the same approach to all of the provisional ballots that it reviews.

166.     The statute does not require Boards of Elections to apply the same approach that is applied by other Boards of Elections.

**D.     The New Provisional-Ballot Law Allows Boards Of Elections To Reject Provisional Ballots If They Are "Unable To Determine" Whether The Voter Is Qualified, Registered And Eligible, But Does Not Explain What Circumstances Would Justify Such A Conclusion**

167.    Plaintiffs incorporate the allegations in paragraphs 1 through 166 as if fully restated here.

168.    Ohio Revised Code Section 3505 183(B)(4)(b) allows Boards of Elections to reject and not count provisional ballots if they cannot determine any of these three factors:

    a)   Whether the voter is qualified to vote,

    b)   Whether the voter is properly registered to vote, or

    c)   Whether the voter is eligible to vote.

169.    The statute does not explain what circumstances, if any, would legitimately prevent Boards of Elections from determining whether a particular voter is qualified, properly registered, or eligible to vote.

170.    For example, the statute does not explain whether Boards of Elections would be permitted to reject and not count provisional ballots simply because they find themselves unable—whether due to technical constraints, an insufficient amount of time before the results must be certified, or insufficient manpower—to determine whether some or all provisional voters are qualified, registered or eligible to vote.

171.    The Defendant has not issued guidance regarding what circumstances would allow or justify Boards of Elections to conclude that they are unable to determine whether a voter is qualified, registered or eligible to vote.

172. The statute does not require each individual Board of Elections to apply the same approach to all of the provisional ballots that it reviews.

173. The statute does not require Boards of Elections to apply the same approach that is applied by other Boards of Elections.

### E. These Vagaries And Inconsistencies In This New Provisional-Ballot Law Will Deprive Voters Of Due Process And The Equal Protection Of The Laws Regarding Their Rights To Have Their Votes Counted

174. Plaintiffs incorporate the allegations in paragraphs 1 through 173 as if fully restated here.

175. The new provisional-ballot law that governs whether provisional ballots shall be counted is vague, confusing, unclear, and inconsistent in at least these respects.

176. This new provisional-ballot law cannot and will not be uniformly applied by Ohio's Boards of Elections.

177. It is likely that Boards of Elections will treat similarly-situated registered voters across the State of Ohio differently and unequally when determining which provisional ballots are eligible to be counted.

178. In at least some instances this differing treatment will either threaten to deprive or effectively deprive voters, including Plaintiffs' members, of their fundamental right to vote.

### COUNT ONE
**Violation Of 42 U.S.C. § 1983 And The Due Process Clause Of The Fourteenth Amendment To the United States Constitution**
**(Vagueness And Fundamental Unfairness Of The Voter-Identification Laws)**

179. Plaintiffs incorporate the allegations in paragraphs 1 through 178 as if fully restated here.

180. The voter-identification laws in House Bill 3 are confusing, vague, impossible to apply, and in fact are being applied differently by Ohio's Boards of Elections, and therefore will cause the November 2006 election to be conducted in a manner that is fundamentally unfair in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

181. The voter-identification laws in House Bill 3, which subject voters to possible criminal penalties, are confusing, vague, and impossible to apply and will have a chilling effect on voters' willingness to exercise their rights to vote, and therefore violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT TWO
### Violation Of 42 U.S.C. § 1983 And The Equal Protection Clause Of The Fourteenth Amendment To the United States Constitution
### (Unequal Application Of The Voter-Identification Laws)

182. Plaintiffs incorporate the allegations in paragraphs 1 through 181 as if fully restated here.

183. The voter-identification laws in House Bill 3 cannot and will not be applied uniformly by Boards of Elections, and therefore violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT THREE
### Undue Burden On The Right To Vote In Violation Of 42 U.S.C. § 1983 And The Fourteenth Amendment To the United States Constitution
### (Only Election Day Voters Must Provide The Required Identification)

184. Plaintiffs incorporate the allegations in paragraphs 1 through 183 as if fully restated here.

185. The voter-identification laws in House Bill 3 require voters who vote at polling places on Election Day, but not absentee voters who vote before or on Election Day, to provide one of the required forms of identification, and thereby impose an unequal and undue burden on the fundamental right of registered voters in Ohio to vote that is neither justified by nor narrowly tailored to further compelling state interests.

186. This requirement infringes on the rights of Plaintiffs' members to vote on Election Day in violation of the Fourteenth Amendment to the Constitution of the United States.

## COUNT FOUR

### Violation Of 42 U.S.C. § 1983 And The Civil Rights Act Of 1964
### (42 U.S.C. §§ 1971(a)(2)(A) and (a)(2)(B))

### (Only Election Day Voters Must Provide The Required Identification)

187. Plaintiffs incorporate the allegations in paragraphs 1 through 186 as if fully restated here.

188. The unequal burden imposed on the rights of Plaintiff's members to vote at polling places on Election Day, by requiring them to provide one of the required forms of identification when voters who vote by absentee ballot before or on Election Day are not required to provide one of the required forms of identification, violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(A), which provides:

> No person acting under color of law shall—
>
> (A) in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote . . . .

189. The requirement that Plaintiffs' members provide one of the required forms of identification to cast their vote at a polling place on Election Day, when absentee voters are not required to provide such identification, also violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B), which provides:

> No person acting under color of law shall—
>
> (B) deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election . . .

190. Because the new voter-identification laws allow some voters who do not provide one of the required forms of identification to cast a ballot and have it be counted, the ability to provide this identification is not material in determining an individual's qualification to vote. Therefore, by requiring Plaintiffs' members to provide one of the required forms of identification when voting at a polling place on Election Day, the amended statute violates 42 U.S.C. § 1971(a)(2)(B).

## COUNT FIVE
### Violation Of 42 U.S.C. § 1983 And The Due Process Clause Of The Fourteenth Amendment To the United States Constitution
### (Voters Who Have A SSN But Not The Required Identification)

191. Plaintiffs incorporate the allegations in paragraphs 1 through 190 as if fully restated here.

192. The voter-identification laws in House Bill 3 allow five categories of voters who are unable to produce the required identification to vote by provisional ballot.

193. These five categories do not include voters, including Plaintiffs' members, who do not have the required identification but do have, and are able and willing to provide, the last four digits of their Social Security numbers.

194. These registered voters are not granted the right to vote on Election Day by either regular ballot or provisional ballot under the new voter-identification laws.

195. The inability of these voters to cast their votes on Election Day will cause the November 2006 election to be conducted in a manner that is fundamentally unfair, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT SIX
### Violation Of 42 U.S.C. § 1983 And The Equal Protection Clause Of The Fourteenth Amendment To the United States Constitution
### (Voters Who Have A SSN But Not The Required Identification)

196. Plaintiffs incorporate the allegations in paragraphs 1 through 195 as if fully restated here.

197. The voter-identification laws in House Bill 3 allow five categories of voters who are unable to produce the required identification to vote by provisional ballot.

198. These five categories do not include voters, including Plaintiffs' members, who do not have the required identification but do have, and are able and willing to provide, the last four digits of their Social Security numbers.

199. These registered voters are not granted the right to vote on Election Day by either regular ballot or provisional ballot under the new voter-identification laws.

200.     This inequality discriminates against these registered voters and unlawfully deprives them of their fundamental right to vote in violation of their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT SEVEN

### Violation Of 42 U.S.C. § 1983 And The Civil Rights Act Of 1964
### (42 U.S.C. §§ 1971(a)(2)(A) and (a)(2)(B))
### (Voters Who Have A SSN But Not The Required Identification)

201.     Plaintiffs incorporate the allegations in paragraphs 1 through 200 as if fully restated here.

202.     Denying the right to vote on Election Day to Plaintiffs' members who have a Social Security number but do not have the required identification violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(A), which provides:

> No person acting under color of law shall—
>
> (A) in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote . . . .

203.     The denial of the right to vote on Election Day to Plaintiffs' members who have a Social Security number but do not have the required identification violates Section 1971(a)(2)(A) because this category of registered voters cannot vote on Election Day but voters who have the required identification but not with them, or who lack both the required identification and a Social Security number, are permitted to vote on Election Day by provisional ballot.

204. The denial of the right to vote on Election Day to Plaintiffs' members who have a Social Security number but do not have the required identification also violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B), which provides:

> No person acting under color of law shall—
>
> (B) deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election ....

205. Because the new voter-identification requirements allow some voters who do not have the required identification to cast a provisional ballot (namely, those voters who also do not have a Social Security number), the existence of this identification is not material in determining an individual's qualification to vote. Therefore, by denying the right to vote on Election Day to Plaintiffs' members who lack the required identification but have a Social Security number, the amended statute violates 42 U.S.C. § 1971(a)(2)(B).

## COUNT EIGHT

### Violation Of 42 U.S.C. § 1983 And The Equal Protection Clause Of The Fourteenth Amendment To the United States Constitution
### (Voters Who Have Certain Identification With A Former Address)

206. Plaintiffs incorporate the allegations in paragraphs 1 through 205 as if fully restated here.

207. The voter-identification requirements in House Bill 3 allow many registered voters to vote without being required to provide proof of their current addresses.

208. The voter-identification requirements in House Bill 3 require voters who provide certain forms of identification—namely, utility bills, bank statements, government checks, paychecks or other government documents—to provide proof of their current addresses.

209. This inequality discriminates against Plaintiffs' members and deprives them of their fundamental right to vote in violation of their rights under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT NINE

### Undue Burden On The Right To Vote In Violation Of 42 U.S.C. § 1983 And The Fourteenth Amendment To the United States Constitution
### (Voters Who Have Certain Identification With A Former Address)

210. Plaintiffs incorporate the allegations in paragraphs 1 through 209 as if fully restated here.

211. The requirement that some but not all registered voters provide proof of their current addresses imposes an undue burden on the fundamental right of registered voters in Ohio to vote that is neither justified by nor narrowly tailored to further compelling state interests.

212. This requirement infringes on the right of Plaintiffs' members to vote under the Fourteenth Amendment to the Constitution of the United States.

## COUNT TEN

### Violation Of 42 U.S.C. § 1983 And The Civil Rights Act Of 1964 (42 U.S.C. §§ 1971(a)(2)(A) and (a)(2)(B))
### (Voters Who Have Certain Identification With A Former Address)

213. Plaintiffs incorporate the allegations in paragraphs 1 through 212 as if fully restated here.

214. The requirement that only some voters, including Plaintiffs' members, provide proof of their current addresses violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(A), which provides:

No person acting under color of law shall—

(A) in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote ....

215. The requirement that voters, including Plaintiffs' members, who provide specific types of identification also provide proof of their current addresses, when not all voters are required to provide proof of their current addresses, also violates the Civil Rights Act of 1964, 42 U.S.C. § 1971(a)(2)(B), which provides:

No person acting under color of law shall—

(B) deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election ....

216. Because the new voter-identification laws allow some voters who do not provide proof of their current address to cast either a regular or provisional ballot and have it be counted, proof of one's current address is not material in determining an individual's qualification to vote. Therefore, by denying the vote to Plaintiffs' members who cannot provide proof of their current addresses when providing specific types of identification, the amended statute violates 42 U.S.C. § 1971(a)(2)(B).

## COUNT ELEVEN
### Poll Tax In Violation Of 42 U.S.C. § 1983 And The Twenty-Fourth And Fourteenth Amendments To the United States Constitution
### (Voters Who Cannot Otherwise Vote On Election Day)

217. Plaintiffs incorporate the allegations in paragraphs 1 through 216 as if fully restated here.

218. There will be candidates for federal office on the November 2006 ballot.

219. The requirement that voters, including Plaintiffs' members, who are denied the right to vote on Election Day under the new voter-identification laws, must purchase a state-identification card and/or birth certificate to be permitted to exercise their right to vote on Election Day, constitutes a poll tax in violation of the Twenty-Fourth and Fourteenth Amendments to the United States Constitution.

### COUNT TWELVE

**Violation Of 42 U.S.C. § 1983 And The Due Process Clause
Of The Fourteenth Amendment To the United States Constitution
(Non-Uniform Application Of The Provisional-Ballot Laws)**

220. Plaintiffs incorporate the allegations in paragraphs 1 through 219 as if fully restated here.

221. The new provisional-ballot laws in House Bill 3 that govern the determination of whether provisional ballots are eligible to be counted are vague and do not provide adequate guidance to Boards of Elections, and so cannot and will not be applied uniformly by Ohio's Boards of Elections.

222. The laws in House Bill 3 that govern the counting and eligibility of provisional ballots violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution to the extent that they lead to the application of different standards, methods or procedures across the State of Ohio that will cause the November 2006 election to be conducted in a manner that is fundamentally unfair.

223. The laws in House Bill 3 that govern the counting and eligibility of provisional ballots violate the Due Process Clause of the Fourteenth Amendment to the United States

47

Constitution to the extent that they lead to the application of different standards, methods or procedures by each individual Board of Elections that will cause the November 2006 election to be conducted in a manner that is fundamentally unfair.

224. These unequal standards, methods, and procedures will work a patent and fundamental unfairness on voters, including Plaintiffs' members, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## COUNT THIRTEEN
### Violation Of 42 U.S.C. § 1983 And The Equal Protection Clause Of The Fourteenth Amendment To the United States Constitution
### (Non-Uniform Application Of The Provisional-Ballot Laws)

225. Plaintiffs incorporate the allegations in paragraphs 1 through 224 as if fully restated here.

226. The new provisional-ballot laws in House Bill 3 that govern the determination of whether provisional ballots are eligible to be counted are vague and do not provide adequate guidance to Boards of Elections, and so cannot and will not be applied uniformly by Ohio's Boards of Elections.

227. The laws in House Bill 3 that govern the counting and eligibility of provisional ballots violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution to the extent that they lead to the application of different standards, methods or procedures across the State of Ohio.

228. The laws in House Bill 3 that govern the counting and eligibility of provisional ballots violate the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution to the extent that they lead to the application of different standards, methods or procedures by each individual Board of Elections.

229. These unequal standards, methods, and procedures will cause the votes of at least some registered voters, including Plaintiffs' members, to be either unduly burdened or improperly denied, diluted or not counted, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## **IRREPARABLE HARM/INADEQUATE REMEDY AT LAW**

230. Plaintiffs incorporate the allegations in paragraphs 1 through 229 as if fully restated here.

231. The State of Ohio will hold general elections on November 7, 2006 that will be subject to the new voter-identification and provisional-ballot laws identified above.

232. Ohio voters will select candidates for numerous major statewide and federal offices, including Governor, a United States Senator, United States Representatives, Ohio Attorney General, and Ohio Secretary of State, among many other important offices.

233. Plaintiffs' members will be irreparably harmed if they are chilled from exercising their right to vote or denied their right to vote, or their right to have their vote counted, either on Election Day or prior to Election Day in absentee voting, and therefore must forfeit their rights as registered voters to vote in this election and subsequent elections.

234. Plaintiffs' members cannot be adequately compensated for this harm in an action at law for money damages.

235. Given that absentee voting has already begun, Plaintiffs' members will be immediately and irreparably harmed by the denial of their right to vote, or their right to have their vote counted.

WHEREFORE, Plaintiffs respectfully pray as follows:

a) The Court enter a temporary restraining order under Fed. R. Civ. P. 65(b) that temporarily restrains and enjoins Defendant from enforcing or applying the voter-identification provisions set forth in House Bill 3 and codified in Ohio Revised Code Sections 3501.01(AA), 3501.19, 3505.18, 3505.181(A)(2), 3505.181(A)(3), 3505.181(A)(4), 3505.181(A)(12), 3505.181(A)(13), 3505.181(B)(6), 3505.181(B)(7), 3505.181(B)(8)(a), portions of 3505.182, 3505.183(B)(3)(d), 3505.183(B)(4)(a)(v), 3505.183(B)(4)(a)(vii), 3509.03(E), portions of 3509.04, portions of 3509.05, portions of 3509.06(D) and portions of 3509.07 regarding any absentee ballots that have been or will be cast in connection with the November 7, 2006 election, and that requires the Defendant to issue notice of same to all Ohio Boards of Elections;

b) The Court enter a declaratory judgment under 28 U.S.C. § 2201 declaring that the voter-identification provisions set forth in House Bill 3 and codified in Ohio Revised Code Sections 3501.01(AA), 3501.19, 3505.18, 3505.181(A)(2), 3505.181(A)(3), 3505.181(A)(4), 3505.181(A)(12), 3505.181(A)(13), 3505.181(B)(6), 3505.181(B)(7), 3505.181(B)(8)(a), portions of 3505.182, 3505.183(B)(3)(d), 3505.183(B)(4)(a)(v), 3505.183(B)(4)(a)(vii), 3509.03(E), portions of 3509.04, portions of 3509.05, portions of 3509.06(D) and portions of

3509.07 are unconstitutional and in violation of federal law, and null and void, and that requires the Defendant to issue notice of same to all Ohio Boards of Elections;

c) The Court enter a preliminary injunction and permanent injunction that restrains and enjoins Defendant from enforcing or applying the voter-identification provisions set forth in House Bill 3 and codified in Ohio Revised Code Sections 3501.01(AA), 3501.19, 3505.18, 3505.181(A)(2), 3505.181(A)(3), 3505.181(A)(4), 3505.181(A)(12), 3505.181(A)(13), 3505.181(B)(6), 3505.181(B)(7), 3505.181(B)(8)(a), portions of 3505.182, 3505.183(B)(3)(d), 3505.183(B)(4)(a)(v), 3505.183(B)(4)(a)(vii), 3509.03(E), portions of 3509.04, portions of 3509.05, portions of 3509.06(D) and portions of 3509.07, and that requires the Defendant to issue notice of same to all Ohio Boards of Elections;

d) The Court enter a declaratory judgment under 28 U.S.C. § 2201 declaring that the statutory provisions in House Bill 3 that govern the eligibility of provisional ballots to be counted and are codified in Ohio Revised Code Sections 3505.181(B)(4) and 3505.183(B) are unconstitutional and in violation of federal law, and that further declares that all Boards of Elections must apply the same standards and procedures when determining whether provisional voters' ballots should be counted, and that further sets forth those standards and procedures, and that requires the Defendant to issue notice of same to all Ohio Boards of Elections;

e) Plaintiffs recover their reasonable attorneys' fees and costs; and

f) Plaintiffs have such other and further relief that the Court deems just and

equitable.

Respectfully submitted,

Caroline H. Gentry, Trial Attorney (0066138)
Andrew J. Gottman (0071600)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
One South Main Street, Suite 1600
Dayton, Ohio 45402
Tel: (937) 449-6748
Fax: (937) 449-6820
cgentry@porterwright.com

and

Subodh Chandra (0069233)
THE CHANDRA LAW FIRM, LLC
2275 Chestnut Hills Drive
Cleveland, OH 44106-4602
Tel: (216) 965-6463
Fax: (216) 721-4008
Subodh.Chandra@StanfordAlumni.org

and

H. Ritchey Hollenbaugh (0001072)
CARLILE PATCHEN & MURPHY LLP
366 East Broad Street
Columbus, Ohio 43215
Tel: (614) 228-6135
Fax: (614) 221-0216
hrh@cpmlaw.com

Attorneys for Plaintiffs