# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS, and SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 1199, | Civil Action No. C2 06 896 |
| Plaintiffs, | JUDGE ALGENON L. MARBLEY |
| vs. | MAGISTRATE JUDGE KEMP |
| J. KENNETH BLACKWELL, in his official capacity as Secretary of State of Ohio, | |
| Defendant. | |

## AGREED ENFORCEMENT ORDER

This matter arises under this Court's November 1, 2006 Consent Order ("Consent Order") agreed to by the parties. The Consent Order clarified Ohio's statutory voter identification requirements including what identification voters must show at the polls on Election Day. Pursuant to this Court's Order, the defendant Secretary of State, J. Kenneth Blackwell, properly directed the Boards of Elections for Ohio's 88 counties to comply with the terms and provisions of the Consent Order. The Secretary of State disseminated the Consent Order and directions to comply therewith to each of the 88 County Boards of Elections. Employees of certain Boards of Elections, however, inadvertently or otherwise failed to follow certain Consent Order provisions.

On Election Day, some poll workers incorrectly required voters who presented an Ohio driver's license or Ohio state identification card with a former address to cast a provisional ballot. In addition, some poll workers failed to accept certain forms of proper identification (specifically, government documents) presented by voters, and therefore, incorrectly required

-1-

such voters to cast provisional ballots. This Court's Consent Order clarified this identification option by defining "other government document" as any document that has a current address and is issued by an appropriate government entity, and by providing examples of such government entities. Certain forms of identification satisfying this definition were deemed unsatisfactory by some poll workers, and they incorrectly required voters to cast provisional ballots.

Thus, there are a number of ballots that have been mischaracterized as provisional ballots when, in fact, they should have been cast as regular ballots. In order to remedy this situation, and to ensure that every properly cast vote be counted in the November 2006 Election, the parties agree that the following procedures shall be adopted as they relate to the tabulation of provisional ballots cast in Ohio's 88 Counties:

(1) Provisional ballots cast by voters who were not permitted to cast a regular ballot solely because their proffered identification was a valid Ohio driver's license or Ohio state identification card with a former address shall automatically be counted as regular ballots. Provisional ballots cast by voters who should have been permitted to cast a regular ballot because they provided proper identification in the form of a military identification that shows the voter's name and current address, or a copy of a current utility bill, bank statement, government check, paycheck, or other government document, as set forth in paragraph 3 of the Consent Order, shall automatically be counted as regular ballots.

(2) Provisional ballots that the board finds to satisfy the eight-factor test as outlined in Paragraph 8 of the Consent Order shall be counted.

(3) Provisional ballots that the board finds do not satisfy the eight-factor test shall be recorded according to Section 3505.183(C)(1) of the Ohio Revised Code, which states that for each provisional ballot rejected, "the board shall record the name of the provisional voter who cast the ballot, the identification number of the provisional ballot envelope, the names of the election officials who determined the validity of that ballot, the date and time that the determination was made, and the reason that the ballot was not counted."

(4) As provided in O.R.C. §§ 3505.21 and 3505.183(D), a duly appointed and sworn observer as that term is defined in O.R.C. § 3505.21, or a designated substitute appointed to the Board of Elections, may be present at all times that the board is determining the eligibility of provisional ballots to be counted and counting those provisional ballots determined to be eligible. The observer also may inspect the counting of all ballots in the polling place or board of elections until the counting is completed and the final returns are certified and signed. Observers shall not interfere or otherwise impede the election officials in the performance of their duties.

(5) Should a County Board of Elections receive notice from an observer wishing to exercise the observer's statutory inspection right by reviewing the list of proposed rejected provisional ballots for voter identification errors, said Board of Elections shall provide a list of the total number of rejected ballots, along with the reasons for each proposed rejection, only in those cases where the proposed rejection is as a result of the application of voter identification provisions of Title 35 of the Ohio Revised Code and this Court's November 1, 2006 Consent Order. The reason for each proposed rejection should include

whether the voter presented any form of identification, including the last four digits of the voter's social security number, the voter's address, the voter's date of birth, the voter's Ohio driver's license number, a military identification that shows the voter's name and current address, or a copy of a current utility bill, bank statement, government check, paycheck, or other government document.

(6) At any meeting of the Board of Elections at which the Board intends to vote upon whether the rejected provisional ballots shall be counted, the reviewing observer shall be allowed to object to the director's proposed rejection of any provisional ballot. The Board may consider the objection of the observer before making its final decision regarding the validity of any provisional ballot.

(7) The Board of Elections shall then follow its normal and customary procedures pursuant to Title 35 of the Ohio Revised Code regarding the validity of any provisional ballot. The Board's decision regarding whether a provisional ballot shall be counted shall be final except as otherwise provided by Ohio law.

Nothing in this Agreed Enforcement Order shall be construed to extend or to limit any of the time periods outlined in Title 35 of Ohio Revised Code for tabulation of votes or official or unofficial certification of election results. Nothing in this Agreed Enforcement Order shall be construed to extend or to limit the time by which a voter may return to the Board of Elections for the purposes of providing additional identification pursuant to O.R.C.§3505.181.

This Agreed Enforcement Order applies only to the provisional ballot counting process for the election held November 7, 2006, and shall not be deemed to have any precedential effect in any future election.

This Court further Orders that Defendant Secretary of State, J. Kenneth Blackwell, shall forthwith issue a directive to the County Boards of Elections attaching this Agreed Enforcement Order and directing it to be followed by the 88 Ohio County Boards of Elections.

_November 14, 2006_
Date

U.S. District Judge Algenon L. Marbley

APPROVED BY:

Jim Petro
Attorney General

Richard N. Coglianese
*Assistant Attorney General*
Larry H. James
Christina L. Corl
Crabbe, Brown & James
*Attorneys for Defendant*
*Secretary of State J. Kenneth Blackwell*

Caroline H. Gentry
Porter Wright Morris & Arthur, LLP
Subodh Chandra
The Chandra Law Firm LLC
Dennis J. Concilla
Carlile Patchen & Murphy
*Attorneys for Plaintiffs*
*The Northeast Ohio Coalition for the Homeless, et al.*