IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE NORTHEAST OHIO COALITION
FOR THE HOMELESS,
    *et al.*,

    **Plaintiffs,**

vs.

Case No. C2-06-896
Judge Algenon L. Marbley
Magistrate Judge Terence P. Kemp

JENNIFER BRUNNER,
    in her official capacity
    as Secretary of State of Ohio,

    **Defendant.**

## ORDER

This matter is before the Court for consideration of Plaintiffs' Motion for Preliminary Injunction. During the pendency of this Motion, the Ohio Secretary of State issued Directive 2008-101. The Plaintiffs and the Secretary of State agree that the Directive resolves the issues in dispute as to Plaintiffs' Motion for Preliminary Injunction, except issues relating to (1) the effect of poll-worker error; and (2) the validity of addresses for person without permanent residence. By agreement of the Plaintiffs and the Secretary of State, the Court **ADOPTS** and annexes hereafter Directive 2008-101 as an Order of this Court.

By further agreement of the parties, that portion of Plaintiffs' Motion for Preliminary Injunction related to questions as to the constitutionality of various Ohio statutes is withdrawn without prejudice to refiling.

**IT IS SO ORDERED.**

10-24-2008
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**



**JENNIFER BRUNNER**
OHIO SECRETARY OF STATE

180 EAST BROAD STREET, 16TH FLOOR
COLUMBUS, OHIO 43215 USA
TEL: 1-877-767-6446   FAX: 1-614-644-0649
WWW.SOS.STATE.OH.US

**DIRECTIVE 2008-101**
October 24, 2008

To:   ALL COUNTY BOARDS OF ELECTIONS
MEMBERS, DIRECTORS, AND DEPUTY DIRECTORS

Re :   Guidelines for Determining the Validity of Provisional Ballots

This directive is issued as a means to settle ongoing litigation now pending in the United States District Court for the Southern District of Ohio, Case No. C2:06-0896 and captioned Northeast Ohio Coalition for the Homeless v. Brunner.

This directive provides guidelines for Ohio's boards of elections in processing and counting provisional ballots. This includes guidelines on determining the validity of provisional ballots under Ohio law and, generally, the timeframes during which boards may process provisional ballots to determine their eligibility for counting. This directive complements, but does not supersede, Directive 2008-81, Guidelines for Provisional Voting.

### I. DEFINITIONS

**A.** For purposes of this directive, "members of the board" means a majority vote of at least a quorum of the members of the board of elections taken at a public meeting,

**B.** For purposes of this directive, "processing" provisional ballots means:

- handling provisional ballots in provisional ballot envelopes ("envelopes") as they are cast at a board of elections office or other designated site or as they are returned from precincts on election night;
- moving or storing provisional ballots at a board of elections office or other designated site;
- reviewing envelopes and affirmation statements to initially determine the presumptive eligibility of provisional ballots to be counted;
- sorting provisional ballots in their envelopes into categories of eligible, questionable, and ineligible, and if a board so states in its policy and procedures, into subcategories of ineligible; and
- the making by board of elections staff of a recommendation to the members of the board as to the eligibility and/or ineligibility of provisional ballots cast in the county for the election in question.

C. For purposes of this directive, "counting" provisional ballots means:

- marking the envelope of provisional ballots that the members of the board have determined are not eligible to be counted;
- moving, and storing in their envelopes provisional ballots that the members of the board have determined are not eligible to be counted;
- opening the envelopes of provisional ballots that the members of the board have determined are eligible to be counted;
- removing provisional ballots from their envelopes that the members of the board have determined are eligible to be counted and separating them from their envelopes so as to sever the voter's identity from the ballot, thereby preserving the secrecy of the ballot;
- preparing provisional ballots to be counted for scanning by automatic tabulating equipment;
- scanning provisional ballots;
- tabulating votes cast by provisional ballots determined by the board to be eligible to be counted; and
- reporting numbers of provisional votes as part of the board's official canvass of the election.

## II. TIMEFRAME FOR PROCESSING PROVISIONAL BALLOTS

Generally speaking, and except as otherwise provided in R.C. 3501.183(E)(2) and in this directive, boards of elections may begin processing provisional ballots beginning the day after an election. Boards may continue to process provisional ballots during the ten (10) days after an election, and may continue to do so after the tenth day, if necessary, until all provisional ballots have been processed. All provisional ballot processing must be completed by the end of the official canvass, which must be completed not later than the twenty-first day after the election.

## III. DELEGATION OF PROCESSING TO BOARD STAFF

Ultimately, the four members of boards of elections must determine the validity of all votes cast in an election and must certify the results of all elections. However, nothing in Ohio law requires that the members of a board of elections must personally, physically complete all tasks associated with preparing for that certification. Thus, boards of elections may, under a policy adopted by the board, delegate the processing and some aspects of counting provisional ballots, as discussed throughout this directive, to board staff. Such processing must be done in bipartisan teams according to the instructions provided in this directive. To the extent consistent with Ohio law and this directive, boards may establish and follow additional policies and procedures for processing provisional ballots.

If a board delegates the processing of provisional ballots, it must first adopt a policy setting forth procedures for the processing of provisional ballots that includes the factors listed in I. above. Under a board's policy, board staff responsible for processing provisional ballots must make a recommendation to the board as to the eligibility of each provisional ballot cast in the county, either on an individual basis, or as to groups or categories of similarly situated provisional ballots.

## IV. BOARD DETERMINES VALIDITY OF PROVISIONAL BALLOTS

**Ultimately, the members of the board (see I.A. above) of each board of elections must determine the eligibility or ineligibility of all provisional ballots cast within the county in accord with Ohio law and this directive.. Boards may not delegate this task.**

**Each board of elections must then cause the ballots to be counted by board staff, and must include the tabulation of that count in its official canvass of the election results and, to the extent required, its certification of the election results to the Secretary of State.**

## V. GENERAL REMINDERS ON PROCESSING PROVISIONAL BALLOTS IN ENVELOPES

It is imperative that boards remember that R.C. 3505.183(D) provides that no provisional ballots may be counted in a particular county until the board of elections for that county determines the eligibility, pursuant to R.C. 3505.183 and this directive, of **ALL** provisional ballots cast in that county. This means that the board staff responsible for processing provisional ballots must completely process all provisional ballots and make a recommendation to the board to allow the board to vote on the eligibility of provisional ballots cast before the board or board staff may begin the procedures for counting provisional ballots.

It is also imperative that boards remember that provisional ballots, like all other ballots or other sensitive election materials, must be handled by bipartisan teams and must be stored in a secure location. This office has required boards to implement a system of storage using double lock and key – one key held by Democrats and one key held by Republicans – and provisional ballots must be stored in that environment.

It is also imperative that board members and staff remain cognizant at all times of the importance of maintaining the secrecy of the votes cast by a provisional voter, and act accordingly when opening and removing provisional ballots from their envelopes.

## VI. GROUNDS FOR COUNTING OR INVALIDATING PROVISIONAL BALLOTS

Ohio Revised Code ("R.C.") 3505.183 is the primary statutory lens through which boards of elections must view provisional ballots and affirmations in order to determine the eligibility of those provisional ballots for counting. It sets forth the steps through which a board or its staff must go to determine the eligibility of a provisional ballot for counting.

### A. Step 1 – Additional Information Required from Voter in Some Cases

R.C. 3505.183(E)(2) provides that boards of elections may not examine the provisional ballot affirmation on the provisional ballot envelope of any provisional ballot for which an election official has indicated the provisional voter must provide additional information to the board of elections in order to ensure that the provisional ballot will count. Thus, checking for this statement by an election official must be the first step in determining a provisional ballot's eligibility to be counted.

1. No additional information required

If no such statement by an election official appears on the provisional ballot envelope then the board staff responsible for processing provisional ballots may proceed to Step 2.

2. Additional information required

   If such a statement by an election official appears on a provisional ballot envelope then the board staff responsible for processing provisional ballots must segregate that ballot and store it, still in its envelope, in accordance with this directive until the provisional voter provides the required additional information.

   a) Additional information required during 10 days after election

      Pursuant to R.C. 3505.181(B)(8), there are only four categories of provisional voters who are required to provide additional information to the board of elections during the ten days after the day of an election in order for their ballots to be counted:

      (1) An individual who has but is unable to provide to precinct election officials any of the forms of identification required under R.C. 3505.18(A)(1), and who has a social security number but is unable to provide the last four digits of his or her social security number under R.C. 3505.18(A)(2);

      (2) An individual who is challenged under R.C. 3505.20 and is determined to be ineligible to vote or whose eligibility to vote cannot be determined by election officials

      (3) An individual who does not have any of the forms of identification required under R.C. 3505.18(A)(1), who cannot provide the last four digits of the individual's social security number under R.C. 3505.18(A)(2) because the person does not have a social security number, and who declines to execute an affirmation (SOS Form 10-T) under R.C. 3505.18(A)(4); and

      (4) An individual who has, but declines to provide to precinct election officials, any of the forms of identification required under R.C. 3505.18(A)(1), and who has a social security number but declines to provide to the precinct election officials the last four digits of his or her social security number.

   b) This section is specific to the aforestated court action and its attempted settlement. Contacting voters to provide additional information during ten days

      If a board of elections or board staff determine during the 10-day period that a provisional voter falls into one of the four categories listed above, the board must attempt once to contact the voter by telephone, if a telephone number is available, to remind the voter:

> (1) that he or she is required to provide additional information to the board by the tenth day after the election for the provisional ballot to count; and
> (2) what additional information is required.
>
> If a board of elections does not have a telephone number for a particular voter, it need not conduct an exhaustive search to attempt to locate a telephone number for that voter, but should document any efforts undertaken to contact the voter.
>
> During the first five days after the day of an election a board of elections may communicate the information listed in the list immediately above by postcard or letter rather than by telephone.
>
> c) Additional information required at post-election challenge hearing
>
> If a voter's registration is challenged by another Ohio voter under R.C. 3503.24 and the board of elections considering the challenge postpones the hearing until after the day of the election, the voter must vote provisionally at that election and must provide additional information to the board at the hearing, if so requested, in order to ensure that his or her provisional ballot will count.

Upon receipt of the required additional information under this step of this directive, the board staff responsible for processing provisional ballots may proceed to Step 2.

3. Failure to provide additional required information

   A provisional ballot that is cast by any voter who is required by Ohio law or this directive to provide additional information to a board of elections cannot be counted unless and until that voter provides the required information, pursuant to R.C. 3505.181(A)(7). After the board of elections determines that the required information was not provided, the board staff responsible for processing provisional ballots shall proceed to Step 5.

### B. Step 2 – Preliminary Analysis on Provisional Ballot Eligibility

R.C. 3505.183(B)(1) provides that the first step in determining the eligibility of provisional ballots to be counted is to determine the following:

> a) Whether the person who cast the provisional ballot is registered to vote;
> b) Whether the person who cast the provisional ballot is eligible to vote in the particular election in question; and
> c) Whether the person who cast the provisional ballot completed the affirmation on the provisional ballot envelope.

1. Not Registered or Not Eligible

   If the person who cast the provisional ballot is either **not registered to vote or is not eligible to vote in the particular election** in question (e.g., wrong precinct), then **the board may not count that ballot,** and this is pursuant to R.C. 3505.183(B)(4)(a)(i) and (ii).

2. Registered, Eligible, and Affirmation Completed

   If the person **is** properly registered to vote and is eligible to vote in the particular election in question, **and** the person who cast the provisional ballot completed the affirmation statement on the envelope, then the board staff responsible for processing provisional ballots must proceed to examine the affirmation statement executed by the person who cast the provisional ballot. Pursuant to R.C. 3505.183(B)(1)(a), (b), and (c), that affirmation must contain at least the following three items of information:

   a) The name and signature of the person who cast the provisional ballot;
   b) A statement that the person who cast the provisional ballot is a registered voter in the jurisdiction in which he or she cast the provisional ballot; and
   c) A statement that the person who cast the provisional ballot is eligible to vote in the particular election in which he or she cast the provisional ballot.

3. Registered, Eligible, but No Provisional Ballot Affirmation

   If the person **is** properly registered to vote and is eligible to vote in the particular election in question, **but** he or she **did not** complete the affirmation statement on the envelope, the board staff responsible for processing provisional ballots must proceed, pursuant to R.C. 3505.183(B)(1), to determine whether the voter, or an election official at the direction of the voter, recorded the voter's name in a written affirmation. If neither the voter nor an election official, at the voter's direction, did so, then the provisional ballot cannot count, and the board staff responsible for processing provisional ballot shall proceed to step 5.

### C. Step 3 – Additional Analysis on Provisional Ballot Eligibility

1. In addition to the information required in Step 1, above, and pursuant to R.C. 3505.183(B)(2), the board staff responsible for processing provisional ballots must, in determining the eligibility of any provisional ballot to be counted, also examine any information provided by the person who cast the provisional ballot:

   a) that appears in the affirmation on the provisional ballot envelope;
   b) that was made to an election official at the time he or she cast the provisional ballot pursuant to R.C. 3505.182; and
   c) that was made to the board of elections during the ten days after the day of the election.

2. Additional information often provided by provisional voters includes, but is not limited to, current and former addresses and date of birth. While this information, if provided, must be considered by boards of elections in determining the eligibility of provisional ballots for counting, nothing in Ohio law requires provisional voters to provide this information. Thus, the absence of such information on a provisional ballot affirmation is not sufficient, on its own, to disqualify a provisional ballot.

### D. Step 4 – Recommendation to Board on Provisional Ballot Eligibility

During this step, board staff responsible for processing provisional ballots must use the information discussed above, among other things, to determine their recommendation as to the eligibility of particular provisional ballots to be counted.

1. Ballots Eligible to be Counted

   Where **ALL** of the following apply, board staff responsible for processing provisional ballots must recommend to the board that a provisional ballot shall count, and a board of elections shall count the provisional ballot:

   a) The individual named on the affirmation is properly registered to vote;
   b) The individual named on the affirmation is eligible to cast a ballot in the precinct and for the election in which the individual cast the provisional ballot;
   c) The individual provided the following:

   (1) His or her name and signature as the person who cast the provisional ballot;
   (2) A statement that he or she, as the person who cast the provisional ballot, is a registered voter in the jurisdiction in which he or she cast the provisional ballot; and
   (3) A statement that he or she, as the person who cast the provisional ballot, is eligible to vote in the particular election in which he or she cast the provisional ballot;

   or

   (4) His or her name recorded in a written affirmation statement entered either by the individual or at the individual's direction recorded by an election official;

   or

   (5) A completed affirmation under R.C. 3505.18(B)(4) (SOS Form 10-T).

   d) If applicable, the individual has provided additional information to the board of elections as may be required, i.e. because he or she falls into

one of the four categories of provisional voters who **must** provide additional information to the board of elections during the ten days after the day of an election, and discussed in more detail below; and

e) If applicable, the individual has been afforded a hearing conducted under R.C. 3503.24, which has resulted in the inclusion of the provisional voter's name in the official registration list.

2. Ballots Not Eligible to be Counted

If **ANY** of the following apply, board staff responsible for processing provisional ballots shall recommend to the board that a provisional ballot **not** be counted, and a board of elections **shall neither open nor count** the provisional ballot:

a) The individual named on the affirmation is not properly registered to vote;

b) The individual named on the affirmation is not eligible to cast a ballot in the precinct or for the election in which the individual cast the provisional ballot;

c) The individual did not provide the following:

(1) His or her name and signature as the person who cast the provisional ballot;

(2) A statement that he or she, as the person who cast the provisional ballot, is a registered voter in the jurisdiction in which he or she cast the provisional ballot; and

(3) A statement that he or she, as the person who cast the provisional ballot, is eligible to vote in the particular election in which he or she cast the provisional ballot;

or

(4) His or her name recorded in a written affirmation statement entered either by the individual or at the individual's direction recorded by an election official;

d) The individual has already cast a ballot, including an absentee ballot, for the election in which he or she cast the provisional ballot;

e) If applicable, the individual has not provided additional information to the board of elections as may be required, i.e. because he or she falls into one of the four categories of provisional voters who **must** provide additional information to the board of elections during the ten days after the day of an election, and discussed in more detail below; and

f) If applicable, the individual has been afforded a hearing conducted under R.C. 3503.24, which has resulted in the exclusion of the provisional voter's name in the official registration list.

g) The individual failed to provide or execute any of the following:
   (1) a current and valid photo identification;
   (2) a military identification;
   (3) an original or a copy of any of the following bearing the voter's name and current address:

    (a) utility bill;
    (b) bank statement;
    (c) government check;
    (d) paycheck; or
    (e) other government document[1];

(4) the last four digits of the individual's social security number; or

(5) an affirmation under R.C. 3501.18(A)(4) (SOS Form 10-T), or one of the two affirmations already discussed in this directive, above.

### E. Step 5 – Disqualification of Provisional Ballots and Retention

If a board of elections finally determines that a provisional ballot cannot be counted for any of the reasons identified in Ohio or this directive, then the board, pursuant to R.C. 3505.183(C)(1), shall record:

1. the name of the provisional voter who cast the ballot;
2. the identification number of the provisional ballot envelope, if applicable;
3. the names of the election officials who determined the validity of that ballot;
4. the date and time that the determination was made; and
5. the reason that the ballot was not counted.

The board shall maintain this record for the duration of the retention period that applies to the provisional ballot itself.

Further, if a board of elections finally determines that a provisional ballot cannot be counted for any of the reasons identified in Ohio law or in this directive, that provisional ballot envelope may never be opened, and the board shall not count the votes contained on such provisional ballot. Rather, pursuant to R.C. 3505.183(C)(2), the board shall store that ballot, unopened, for the duration of the retention period applicable to that type of ballot, and shall then destroy that ballot in its envelope. Storage of such provisional ballots shall be made in accordance with the requirements for storage of provisional ballots, generally, as provided in this directive.

### VII. ADDITIONAL REQUIREMENTS

R.C. 3505.183 does not expressly provide that a board of elections must attempt to match the signature of the person casting a provisional ballot to the signature on file for that voter, presumably because the statutory scheme contemplates at least one circumstance where a provisional voter does not have to provide a signature (*i.e.*, Step 4, Ballots eligible to be counted, 3. d, above). However, signature matching has long been a hallmark of election security, is explicitly provided for with respect to other types of ballots under Ohio law, and is a basis for

---

[1] Ohio law provides that notices of election mailed by boards of elections pursuant to R.C. 3501.19, and voter registration notices mailed by boards of elections pursuant to R.C. 3503.19 are not valid "other government documents" for voter ID purposes.

election officials to challenge the right of a person to cast a ballot under Ohio law. As such, when a signature is provided by a provisional voter, boards of elections should, in verifying the identity of that provisional voter, attempt to match the signature with the signature on file for the voter in question.

Boards of election should bear in mind in doing so, though, that signatures do tend to change over time, that there are people who do not sign their name identically every time they sign their name, and that, pursuant to R.C. 3501.05(AA), voters have the right to update their signatures with boards of elections using SOS Form 260.

Very recently, the Supreme Court of Ohio provided, in *State ex rel. Myles v. Brunner*, that in the absence of any evidence of fraud, unduly technical interpretations that impede the public policy favoring free, competitive elections must be avoided. Thus, boards of elections should keep in mind the concerns raised in the immediately foregoing paragraph when matching signatures. Boards should ensure that their primary concern is achieving confidence in the identity of the voter casting the provisional ballot rather than ensuring that every loop and line in a signature precisely and exactly matches the signature on file for the voter.

## VIII. OBSERVERS

R.C. 3505.183(D) provides that observers, as appointed pursuant to R.C. 3505.21, may be present at all times that the board is determining the eligibility of provisional ballots to be counted and counting those provisional ballots determined to be eligible.

That statute further provides that no person shall recklessly disclose the count or any portion of the count of provisional ballots in such a manner as to jeopardize the secrecy of any individual ballot. By its plain language, this prohibition applies both to election officials and observers, as well as others.

If you have any questions about this directive or its implementation please contact the elections attorney in this office assigned to assist your county board of elections.

Sincerely,

Jennifer Brunner