IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THE NORTHEAST OHIO COALITION
FOR THE HOMELESS, et al.,

                Plaintiffs,

v.

JENNIFER BRUNNER,
in her official capacity as
Secretary of State of Ohio,

                Defendant.

CASE NO. C2-06-896
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE TERENCE P. KEMP

## ORDER

This matter is before the Court on Plaintiffs' Motion for a Preliminary Injunction. The Court has carefully considered the parties' submissions in support of and opposing the preliminary injunction, the oral arguments by counsel, evidence presented by the parties, and the relevant statutory and case law.

On October 24, 2008, this Court issued an Order adopting the Secretary of State's Directive 2008-101. The Court's October 24, 2008 Order, however, did not resolve the parties' disputes regarding the effect of poll worker error and the validity of addresses for persons without permanent addresses. This Order is based upon the agreement of the Plaintiffs and the Secretary of State and addresses these two issues.

**Poll worker Error**

Consistent with this Court's October 24, 2008 Order and Directive 2008-101, an eligible voter casting a provisional ballot should not be disenfranchised because of poll worker error in processing a provisional ballot.

The expedited discovery taken by Plaintiffs has revealed that some county boards of elections do not currently count a provisional ballot if the poll worker, for unknown reasons, has not signed the provisional ballot. The failure of a poll worker to sign a provisional ballot, standing alone, does not constitute a valid reason to reject a provisional ballot.

In addition, no provisional ballot cast by an eligible elector should be rejected because of a poll worker's failure to comply with duties mandated by R.C. 3505.181, which governs the procedure for casting a provisional ballot.

Accordingly, the Secretary of State is hereby **ORDERED** to instruct the County Boards of Election that provisional ballots may not be rejected for reasons that are attributable to poll worker error, including a poll worker's failure to sign a provisional ballot envelope or failure to comply with any duty mandated by R.C. 3505.181.

**Addresses for Persons Without Permanent Addresses**

Similarly, some discovery in this case indicated that at least one county might reject provisional ballots if a person uses their actual residence location if that location is not a building. Pursuant to Advisory 2008-25 and R.C. 3503.02(I), if a person does not have a fixed place of habitation, the shelter or other place where the person intends to return shall be deemed his residence for purposes of voting.

Accordingly, the Secretary of State is hereby **ORDERED** to instruct the County Boards of Elections that provisional ballots may not be rejected for failing to list a building address on the provisional ballot envelope if the voter resides at a location that does not have an address.

**IT IS SO ORDERED.**

10-27-2008
**DATED**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**