IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **NORTHEAST OHIO COALITION** : | |
| **FOR THE HOMELESS,** *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| **JENNIFER BRUNNER, in her official** : | |
| **capacity as Secretary of State of Ohio,** : | |
| : | |
| Defendant. : | Case No. C2-06-896 |
| _____ : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| **NORTHEAST OHIO COALITION** : | **Magistrate Judge Terence P. Kemp** |
| **FOR THE HOMELESS,** *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | |
| : | |
| **THE STATE OF OHIO,** : | |
| : | |
| Intervenor-Defendant. : | |

ORDER

This matter is before the Court on Plaintiffs Northeast Ohio Coalition for the Homeless' and Service Employees International Union, Local 1199's (collectively "Plaintiffs") Motion to Enforce Judgment (doc. no. 162) and Motion to Enjoin the Ohio Supreme Court's Order in *State ex rel. Skaggs v. Brunner* (doc. no. 167) (collectively "Motions"). Plaintiffs ask this Court to: (1) enjoin the Ohio Supreme Court's Order in *State ex Rel. Skaggs v. Brunner*, 900 N.E.2d 982 (Ohio 2008), a case in which they were not a party; (2) order Defendant, Secretary of State Brunner, to rescind a Directive issued in compliance with the Ohio Supreme Court's ruling, Directive 2008-118; and (3) order that Secretary of State Brunner vote in favor of counting

certain disputed provisional ballots that contained the voter's printed name but no signature. Plaintiff's allege that these steps are necessary to enforce the Court's October 24, 2008 and October 27, 2008 Orders in this case. The Court disagrees.

Plaintiffs' request is in essence a repetition of the arguments made in *Ohio ex rel. Skaggs v. Brunner* when it was before this Court. Those arguments are foreclosed by the Sixth Circuit's ruling in the case, *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468 (6th Cir. 2008), which this Court is bound to follow. Furthermore, Plaintiffs request that the Court direct the Secretary to vote in favor of counting certain disputed ballots that request is **MOOT**. The November 2008 election is over, the Ohio Supreme Court has ruled on the proper interpretation of Ohio Voting Law, and all ballots have been tallied. To the extent that Plaintiffs seek to have this Court enjoin the Supreme Court's Ruling in anticipation of future elections, Plaintiffs' request is not ripe. Moreover, this Court lacks jurisdiction to review a case litigated before and decided by the Ohio Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983); *Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002). For all these reasons, Plaintiffs' Motions, (doc nos. 162 and 167), are **DENIED**.

**IT IS SO ORDERED.**

                                                    s/Algenon L. Marbley
                                                  **ALGENON L. MARBLEY**
                                                  **United States District Court Judge**

**DATE: August 12, 2008**