IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> JENNIFER BRUNNER, in her official capacity as Secretary of State of Ohio, <br><br> Defendant. <br><br> STATE OF OHIO <br><br> Intervenor-Defendant | Case No. C2-06-896 <br><br> Judge Algenon Marbley |

## CONSENT DECREE

Plaintiffs Northeast Ohio Coalition for the Homeless ("NEOCH"), the Columbus Coalition for the Homeless ("CCH"), (the "Coalitions"), Kyle Wangler ("the Individual Plaintiff") and the Service Employees International Union, Local 1199 ("SEIU") have brought this action against Defendant Secretary of State and Intervenor-Defendant State of Ohio (collectively "Defendants"). In addition, Plaintiff-Intervenor Ohio Democratic Party has filed a Complaint in this action against the Defendants with respect to provisional ballot issues.

Plaintiffs have alleged that the Individual Plaintiff and some of the Coalitions' members lack the identification required by the Ohio Voter ID laws to cast a regular ballot on Election Day and, further, that the Ohio Provisional Ballot Laws have been and will be applied differently and unequally by Ohio's 88 Boards of Elections. Plaintiffs allege that they are therefore deprived of the equal protection of the laws and due process. Plaintiffs have further alleged that the Ohio Voter ID Laws impose an unlawful poll tax because the State of Ohio does not provide free State of Ohio identification cards and because homeless voters are unable to provide other acceptable forms of identification since such identification must contain proof of a current address.

The Court granted in part and denied in part the Defendants' motion to dismiss the claims in Plaintiffs' initial Complaint. The remaining claims in that Complaint, as well as the new claims in the Supplemental Complaint, are brought solely under federal law, namely, under the Equal Protection and Due Process Clauses of the Fourteenth Amendment and the Twenty-Fourth Amendment to the United States Constitution.

The parties, desiring that this action be settled by an appropriate Consent Decree ("Decree") and without the burden of protracted litigation, agree to the jurisdiction of this Court over the parties and the subject matter of this action. Subject to this Court's approval of this Decree, and subject to the continuing validity of this Decree if it or its terms are challenged in any other court, the parties waive a hearing and findings of fact and conclusions of law on all issues, and further agree to the entry of this Decree as final and binding among and between themselves as to the issues raised in the Plaintiffs' Complaint and Supplemental Complaint, and the matters resolved in this Decree.

This Decree, being entered with the consent of the parties, shall in no way constitute an adjudication or finding on the merits of Case No. 2:06-CV-896, nor be construed as an admission by the Defendants of any wrongdoing or violation of any applicable federal or state law or regulation.

In resolution of this action, the parties hereby AGREE to, and the Court expressly APPROVES, ENTERS and ORDERS, the following:

## I. PURPOSES OF THIS DECREE

1. The purposes of this Decree are to ensure that:

    a. The fundamental right to vote is fully protected for registered and qualified voters who lack the identification required by the Ohio Voter ID Laws, including indigent and homeless voters—such as the Individual Plaintiffs and certain members of the Coalitions—who do not have a current address and cannot readily purchase a State of Ohio ID Card;

    b. These voters are not required to purchase identification as a condition to exercising their fundamental right to vote and have their vote be counted;

    c. The legal votes cast by these voters will be counted even if they are cast by provisional ballot on Election Day;

    d. These voters will not be deprived of their fundamental right to vote because of differing interpretations and applications of the Provisional Ballot Laws by Ohio's 88 Boards of Elections;

    e. These voters will not be deprived of their fundamental right to vote because of failures by poll workers to follow Ohio law. For purposes of this Decree poll worker error will not be presumed, but must be demonstrated through evidence; and

    f. All legal votes that are cast by indigent and homeless voters on Election Day will be counted.

## II. PARTIES BOUND BY DECREE.

2. This Order shall be binding upon the Defendants and their employees, agents and representatives. The Secretary of State will issue Directives to the Boards of Elections to follow this Decree, and will use her best efforts to enforce the Decree and all related Directives if put on notice of any alleged violations.

3. The parties recognize that Article VI, Clause 2 of the United States Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; ... shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

## III. GENERAL INJUNCTIVE RELIEF.

4. The Court ADOPTS and annexes hereafter Directive 2008-80 as an Order of this Court.

5. Defendant Secretary of State, her agents, employees and representatives will instruct Ohio's county Boards of Elections to adhere to the following rules regarding the casting and counting of provisional ballots for persons without identification other than a social security number:

   a. Boards of Elections must count the provisional ballot cast by a voter using only the last four digits of his or her social security number as identification if all of the following conditions are met:

      i. The individual who cast the provisional ballot is registered to vote;

      ii. The individual is eligible to cast a ballot in the precinct and for the election in which the individual cast the provisional ballot;

      iii. The provisional ballot affirmation includes a statement that the individual is registered to vote in the precinct in which the provisional ballot was cast and a statement that the individual is eligible to vote in the election in which the provisional ballot was cast;

      iv. The individual's name and signature appear in the correct place on the provisional ballot affirmation form, unless the voter declined to execute the affirmation and the poll workers complied with their statutory duties under R.C. 3505.182 and R.C. 3505.181(B)(6) when a voter declines to execute the affirmation;

      v. The signature of the voter substantially conforms to the signature contained in the Board of Election's records for that voter;

vi. The provisional ballot affirmation includes the last four digits of that voter's social security number, which is not found to be invalid;

vii. The individual's right to vote was not successfully challenged;

viii. The individual did not already cast a ballot for the election in which the individual cast the provisional ballot; and

ix. Pursuant to R.C. 3505.183(B)(2), the Board of Elections determines that, in addition to the information included on the affirmation, there is no additional information for determining ballot validity provided by the provisional voter or to the Board of Elections during the ten days after the day of the election that casts doubt on the validity of the ballot or the individual's eligibility to vote.

b. Boards of Elections may not reject a provisional ballot cast by a voter, who uses only the last four digits of his or her social security number as identification, for any of the following reasons:

   i. The voter provided the last four digits of a Social Security Number but did not provide a current driver's license, state issued identification, or other document which serves as identification under Ohio law;

   ii. The voter did not provide a date of birth;

   iii. The voter did not provide an address that is tied to a house, apartment or other dwelling provided that the voter indicated that he or she resides at a non-building location, including but not limited to a street corner, alley or highway overpass located in the precinct in which the voter seeks to cast a ballot and that the non-building location qualifies as the individual's voting residence under R.C. 3503.02;

   iv. The voter indicated that he or she is homeless;

   v. The voter cast his or her provisional ballot in the wrong precinct, but in the correct polling place, for reasons attributable to poll worker error;

   vi. The voter did not complete or properly complete and/or sign the provisional ballot application for reasons attributable to poll worker error; or

   vii. The poll worker did not complete or properly complete and/or sign the provisional ballot application witness line and/or the

provisional ballot affirmation form, except for reasons permitted by the governing statutes.

c. Boards of Elections must observe the following rules regarding the delegation of processing provisional ballots, and determining their validity, to board staff:

   i. Ultimately, the members of Boards of Elections must determine the validity of all votes cast in an election and must certify the results of all elections. However, nothing in Ohio law requires that the members of a Board of Elections must personally complete all tasks associated with preparing for that certification.

   ii. Thus, Boards of Elections may, under a policy adopted by the Board, delegate the processing and some aspects of counting provisional ballots to board staff. Such processing must be done in bipartisan teams.

   iii. If a Board of Elections delegates the processing of provisional ballots, it must first adopt a policy setting forth procedures for the processing of provisional ballots. Under that policy, board staff responsible for processing provisional ballots must make a recommendation to the Board as to the eligibility of each provisional ballot cast in the county, either on an individual basis, or as to groups or categories of similarly situated provisional ballots.

   iv. Ultimately, the members of Board of Elections must determine the eligibility or ineligibility of all provisional ballots cast within the county in accordance with Ohio law. Boards may not delegate this task.

   v. Each Board of Elections must then cause the ballots to be counted by board staff, and must include the tabulation of that count in its official canvass of the election results and, to the extent required, its certification of the election results to the Secretary of State.

## IV. IMPLEMENTATION.

6. Defendant Secretary of State shall issue a Directive to all Boards of Elections that sets forth the text of the injunctive relief described above.

7. Before every primary and general election, Defendant Secretary of State shall remind Boards of Elections that they must comply with the injunctive relief described above and shall distribute the text of the injunctive relief to all Board Members, Directors and Deputy Directors.

8. In every location where provisional ballots are processed after an election, Boards of Elections shall post a notice in a conspicuous place that contains the text of the injunctive relief described above in large, capitalized and bolded type.

## V. CONTINUING VALIDITY.

9. This Decree shall remain in effect until June 30, 2013.

10. If the State of Ohio repeals or amends any portion of the Ohio Voter ID Laws or Provisional Ballot Laws that are identified in the Complaint, Defendant Secretary of State shall file a notice with the Court within 30 days of passage of the law regarding such changes. Those changes in Ohio law will supersede this consent decree and this decree will be automatically amended by operation of law to include those statutory changes.

11. Any of the parties may file a motion with the Court to modify, extend or terminate this Decree for good cause shown.

## VI. MISCELLANEOUS PROVISIONS.

12. Within sixty (60) days after entry of this Decree, Defendant Secretary of State shall pay to counsel for Plaintiffs the attorneys' fees that were previously awarded by this Court, as follows: $321,942.15.51 to Porter Wright Morris & Arthur LLP, $99,722.58 to Carlile Patchen & Murphy LLP, and $82,749.38 to The Chandra Law Firm, LLC.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE