IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS, *et al.*, | : : : | Case No. 2:06-CV-896 |
| Plaintiffs | : : | Judge Algenon Marbley |
| vs. | : : : | **PLAINTIFFS' AMENDED NOTICE** |
| JON HUSTED, in his official capacity as Secretary of State of Ohio, | : : : | **OF RELATED CASE** |
| Defendant | : : | |
| and | : : | |
| STATE OF OHIO, | : : | |
| Intervenor-Defendant. | : | |

To the Court, all parties in this matter, and their respective attorneys of record:

Please take notice that the following recently-filed case in this District is related to the instant case for purposes of Local Civil Rule 3.1(b):

1.  *SEIU Local 1, et al. v. Husted, et al.*, Case No. 2:12-CV- 562 (filed June 22, 2012).

These cases are related because they call for the determination of substantially identical issues of law and fact with respect to the constitutionality of Ohio's provisional ballot counting laws, Ohio Rev. Code §3505.183(B)(4)(ii) and (iii), as interpreted by the Ohio Supreme Court in *State ex rel. Painter v. Brunner*, 128 Ohio St.3d 17 (2011).  Specifically, plaintiffs in both cases are currently asking for *the same injunctive relief* to remedy constitutional violations in the upcoming November 2012 election.  If the injunctive relief in the two cases is not coordinated, it could relate in additional constitutional violations because it may result in non-uniform standards

for the counting of ballots cast by provisional voters, in violation of the Equal Protection Clause and the "constitutionally protected right to participate in elections on an equal basis with other citizens in the jurisdiction." *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972); *see also Bush v. Gore*, 531 U.S. 98, 104-05 (2000). Additionally, if the cases are not coordinated, it will result in substantial duplication of effort by the parties and Court.

In the newly filed case, *SEIU Local 1, et al. v. Husted, et al.* ("*SEIU Local 1 v. Husted*"), Plaintiffs contend the strict provisional ballot disqualification rule in Ohio Rev. Code §3505.183(B)(4)(ii) and (iii), under which Ohio Boards of Elections are required to reject all provisional ballots cast in the wrong precinct or with technical ballot affirmation errors, without regard to whether poll workers caused the error, imposes an impermissibly severe, arbitrary, and unequal burden on the fundamental right to vote, in violation of the Equal Protection and Due Process Clauses of Fourteenth Amendment to the United States Constitution. Plaintiffs ask the Court for preliminary injunctive relief with respect to the upcoming 2012 general election requiring the counting of votes affected by poll worker error, in order to ensure that all Ohio provisional voters are protected from arbitrary and unconstitutional disenfranchisement as a result of poll worker error.

The same constitutional issue is currently pending in this case in the context of the parties' competing requests to either terminate or modify this Court's April 2010 consent decree ("Decree") that protects a distinct category of provisional voters – those who use their Social Security numbers as identification for voting purposes – from unconstitutional disenfranchisement caused by poll worker error. The constitutional issue is first presented in this case by Defendants' request that the Court terminate the existing Decree that requires the Ohio Secretary of State instruct county boards of elections to count provisional ballots cast in wrong

precincts or incomplete provisional ballot envelopes for reasons attributable to poll worker error. Under the standards imposed by the Supreme Court, in resolving Defendants' request, the Court must consider whether termination of the Decree will result in constitutional violations. *See*, *e.g.*, *Rufo v. Inmates of Suffolk County Jail*, 502 U.S. 367 (1992); *Cleveland Firefighters for Fair Hiring Practices v. City of Cleveland*, 669 F.3d 737, 742 (6th Cir. 2012) (remanding for trial court to resolve together the constitutional issues raised by termination or expansion of consent decree). Additionally, the constitutional issue is again presented in this case by Plaintiffs' request that the Court modify and strengthen the Decree in light of substantial statewide evidence from recent Ohio elections that additional protections are necessary to ensure that voters who use Social Security numbers as identification will not be disenfranchised unconstitutionally as a result of poll worker error. Plaintiffs' motion to modify the Decree relies on much of the same evidence upon which plaintiffs in *SEIU Local 1 v. Husted* rely, namely evidence from throughout Ohio that poll worker error results in voters casting ballots in the wrong precincts and with technical deficiencies in their ballot deficiencies. The constitutional challenges in both cases thus share the same legal and evidentiary issues.

Additionally, the injunctive relief requested by Plaintiffs in this case and plaintiffs in *SEIU Local 1 v. Husted* is substantively the same, differing only in the voters covered by the requested relief: Plaintiffs in this case seek relief with respect to voters protected by the Decree, and plaintiffs in *SEIU Local 1 v. Husted* seek that same relief, but with respect to *all* Ohio provisional voters. In addition to the interests of efficiency, judicial economy, and avoiding competing court orders, the nature of both cases, concerning alleged constitutional violations of the right to vote caused by the same aspect of the Ohio provisional ballot laws, as well as the

proximity of the upcoming election, weighs heavily in favor of relating and resolving these cases together.

For all of these reasons, Plaintiffs believe the newly-filed case is related for purposes of Local Rule 3.1(b) to this case. Defendants' request to terminate the Decree in this case is scheduled for hearing on June 27, 2012, and the Court has ordered the parties to be prepared to address scheduling of Plaintiffs' pending motion to modify the Decree. The interests of judicial economy will be best served by expeditiously relating these cases, so as to not foreclose the opportunity to efficiently hear these matters together.

Respectfully submitted,

/s/ Caroline H. Gentry
Caroline H. Gentry, Trial Attorney (0066138)
Daniel B. Miller (0080767)
PORTER, WRIGHT, MORRIS & ARTHUR LLP
One South Main Street, Suite 1600
Dayton, OH 45402
(937) 449-6748 / (937) 449-6820 Fax
cgentry@porterwright.com
dbmiller@porterwright.com

and

Subodh Chandra (0069233)
THE CHANDRA LAW FIRM, LLC
1265 W. 6th Street, Suite 400
Cleveland, OH 44113-1326
(216) 578-1700 / (216) 578-1800 Fax
Subodh.Chandra@ChandraLaw.com

*Attorneys for Plaintiffs NEOCH and SEIU Local 1199*

/s/ Michael J. Hunter
Michael J. Hunter (0018756)
Cathrine J. Harshman (0079373)
HUNTER, CARNAHAN, SHOUB, BYARD & HARSHMAN
3360 Tremont Road, Suite 230
Columbus, Ohio 43221
(614) 442-5626 / (614) 442-5625 Fax
mhunter@hcands.com
charshman@hcands.com

and

Stephen P. Berzon (*admitted pro hac vice*)
Stacey Leyton (*admitted pro hac vice*)
Barbara Chisholm *(admitted pro hac vice)*
Danielle Leonard (*admitted pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
(415) 421-7151 / (415) 362-8064 Fax
sberzon@altber.com
sleyton@altber.com
bchisholm@altber.com
dleonard@altber.com

*Attorneys for Plaintiff SEIU Local 1199*

 /s/ Donald J. McTigue
Donald J. McTigue, Trial Attorney (0022849)
Mark A. McGinnis (0076275)
MCTIGUE LAW GROUP
550 East Walnut Street
Columbus, OH  43215
(614) 263-7000 / (614) 263-7078 Fax
mctiguelaw@rrohio.com

*Attorneys for Intervenor-Plaintiff Ohio Democratic Party*

## **CERTIFICATE OF SERVICE**

I certify that on June 26, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the counsel of record in this case.

                                        s/ Caroline H. Gentry
                                        Caroline H. Gentry, Trial Attorney (0066138)
                                        PORTER, WRIGHT, MORRIS & ARTHUR LLP
                                        One South Main Street, Suite 1600
                                        Dayton, OH 45402
                                        (937) 449-6748 / (937) 449-6820 Fax
                                        cgentry@porterwright.com

DAYTON/644873v.1