**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **THE NORTHEAST OHIO COALITION** | : | |
| **FOR THE HOMELESS**, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:06-CV-00896 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| **JON HUSTED, in his official capacity as** | : | |
| **Secretary of the State of Ohio**, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS SECRETARY OF STATE JON HUSTED AND**
**THE STATE OF OHIO'S ANSWER TO PLAINTIFFS' SECOND**
**SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND**
**INJUNCTIVE RELIEF (DOC. 453)**

For their Answer to Plaintiffs Second Supplemental Complaint (Doc. 453), Defendants

Ohio Secretary of State Jon Husted and the State of Ohio state:

**ANSWER**

1.     Defendants admit that the Governor signed S.B. 205 into law on February 21 and

signed S.B. 216 into law on February 28 and that both laws took effect on June 1, 2014.

Answering further, Defendants state that S.B. 205 and S.B. 216 speak for themselves.

2.     Defendants admit that S.B. 205 and S.B. 216 were enacted in 2014, nearly six

years after Plaintiffs filed their first Supplemental Complaint on November 21, 2008 and more

than four years after the Court entered the Consent Decree on April 19, 2010.  Defendants deny

for want of knowledge the events that form the basis of the Second Supplemental Complaint.

3.      Paragraph 3 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 3 and specifically deny that Plaintiffs are entitled to any form of relief.

4.      Paragraph 4 consists of legal conclusions to which no response is required.  Defendants further state that S.B. 205, S.B. 216, and the Voting Rights Act, 42 U.S.C. § 1973aa speak for themselves, and allegations regarding their content require no response.  To the extent any further response is required, Defendants deny the allegations in Paragraph 4.

5.      Paragraph 5 consists of legal conclusions to which no response is required.  Defendants further state that S.B. 205, S.B. 216, and the Voting Rights Act, 42 U.S.C. § 1971(a)(2)(B) speak for themselves and allegations regarding their content similarly require no response.  To the extent any further response is required, Defendants deny the allegations in Paragraph 5.

6.      Paragraph 6 consists of legal conclusions to which no response is required.  Defendants further state that S.B. 205 and S.B. 216 speak for themselves, and allegations regarding their content require no response.  To the extent that any further response is necessary, Defendants deny the allegations in Paragraph 6.

7.      Paragraph 7 consists of legal conclusions to which no response is required.  Defendants further state that S.B. 205 and S.B. 216 speak for themselves, and allegations regarding their content require no response.  To the extent that any further response is necessary, Defendants deny the allegations in Paragraph 7.

8.      Paragraph 8 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 8.

9.      Paragraph 9 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 9.

10.      Paragraph 10 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 10.

11.      Paragraph 11 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 11.

12.      Paragraph 12 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 12.

13.      Defendants deny the allegations in Paragraph 13.

14.      Defendants deny the allegations in Paragraph 14.

15.      Paragraph 15 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 15 and specifically deny that Plaintiffs are entitled to any form of relief.

16.      Paragraph 16 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 16.

17.      Defendants deny the allegations in Paragraph 17.

18.      Defendants deny the allegations in Paragraph 18.

19.      Paragraph 19 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 19.

20.      Paragraph 20 consists of requests for legal relief to which no response is required.   Defendants deny that Plaintiffs are entitled to any form of relief.

21.      Paragraph 21 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 21.

22.     Defendants deny the allegations in Paragraph 22 for want of knowledge sufficient to form a belief as to their truth.

23.     Defendants deny the allegations in Paragraph 23 for want of knowledge sufficient to form a belief as to their truth.

24.     Defendants deny the allegations in Paragraph 24 for want of knowledge sufficient to form a belief as to their truth.

25.     Defendants deny the allegations in Paragraph 25 for want of knowledge sufficient to form a belief as to their truth.

26.     Defendants deny the allegations in Paragraph 26 for want of knowledge sufficient to form a belief as to their truth.

27.     Paragraph 27 consists of legal conclusions to which no response is required. Further answering, Defendants deny the allegations in Paragraph 27.

28.     Paragraph 28 consists of legal conclusions to which no response is required. Further answering, Defendants deny the remaining allegations in Paragraph 28 for want of knowledge sufficient to form a belief as to their truth.

29.      Defendants admit that Jon Husted is the Secretary of State of Ohio.  Answering further, Defendants state that Ohio Revised Code § 3501.04 speaks for itself.

30.      Defendants admit that Mike DeWine is the Ohio Attorney General and representative of Intervenor-Defendant State of Ohio.  Answering further, Defendants state that Ohio Revised Code § 109.02 speaks for itself.

31.     Paragraph 31 consists of legal conclusions to which no response is required.

32.     Defendants admit that venue is appropriate in this case.

33.     Article V, Section 1 of the Ohio Constitution speaks for itself.

34.     Paragraph 34 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants state that Ohio law regarding the qualifications to vote speaks for itself.

35.     Paragraph 35 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants state that Ohio law regarding the process for registering to vote speaks for itself.

36.     Paragraph 36 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants state that Ohio law regarding the qualifications to vote speaks for itself.

37.     Defendants admit the allegations in Paragraph 37.

38.     Defendants admit that there are multiple ways by which voters can cast a ballot in Ohio, including voting in-person on Election Day and voting early through absentee voting.

39.     Defendants admit that most voters cast a regular ballot on Election Day.  To the extent Paragraph 39 attempts to set forth the requirements for "regular ballot" voting, these allegations consist of legal conclusions to which no response is required.  Moreover, Ohio law speaks for itself.

40.     Defendants admit that some voters choose to cast an absentee ballot before Election Day, either in person at the Board of Elections or by mail.  Defendants further admit that absentee ballots are counted after the close of polls on Election Day.  To the extent that Paragraph 40 attempts to set forth the requirements for casting and counting absentee ballots, these allegations consist of legal conclusions to which no response is required.  Moreover, Ohio law speaks for itself.

41.     To the extent Paragraph 41 attempts to set forth the requirements for casting and counting provisional ballots, these allegations consist of legal conclusions and Ohio law speaks for itself.  Defendants admit that some voters are required to cast a provisional ballot before or on Election Day.  Defendants deny any remaining allegations in Paragraph 41.

42.     To the extent Paragraph 42 attempts to set forth the requirements for casting and counting absentee ballots, these allegations consist of legal conclusions and Ohio law speaks for itself.  Defendants deny any remaining allegations in Paragraph 42.

43.     To the extent Paragraph 43 attempts to set forth the requirements for casting and counting absentee ballots, these allegations consist of legal conclusions and Ohio law speaks for itself.  Defendants deny any remaining allegations in Paragraph 43.

44.     Paragraph 44 consists of legal conclusions to which no response is required. Defendants deny the remaining allegations in Paragraph 44 for want of knowledge sufficient to form a belief as to their truth.

45.     Defendants deny the allegations in Paragraph 45 for want of knowledge sufficient to form a belief as to their truth.

46.     Defendants deny the allegations in Paragraph 46 for want of knowledge sufficient to form a belief as to their truth.

47.     Defendants admit that the Ohio General Assembly instituted no-excuse absentee voting in 2005.  Except as expressly admitted, Defendants deny the allegations in Paragraph 47.

48.     Defendants admit that many voters have taken advantage of Ohio's liberal absentee voting opportunities.

49. Defendants are without knowledge or information sufficient to form a belief as to the truth of statistical assertions unaccompanied by any citation and therefore deny them. Defendants deny any remaining allegations in Paragraph 49.

50. Paragraph 50 contains legal conclusions and assertions to which no response is required. To the extent any further response is required, Defendants deny the allegations in Paragraph 50 for want of knowledge sufficient to form a belief as to their truth.

51. Defendants deny the allegations in Paragraph 51 for want of knowledge sufficient to form a belief as to their truth.

52. Defendants deny the allegations in Paragraph 52 for want of knowledge sufficient to form a belief as to their truth.

53. Defendants are without knowledge or information sufficient to form a belief as to the truth of statistical assertions unaccompanied by any citation and therefore deny them. Defendants deny any remaining allegations in Paragraph 53.

54. Paragraph 54 consists of legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in Paragraph 54.

55. Defendants deny the allegations in Paragraph 55.

56. Defendants deny the allegations in Paragraph 56.

57. Defendants deny the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58.

59. Defendants deny the allegations in Paragraph 59.

60. Defendants admit that no-excuse absentee voting began in 2005.

61. Defendants deny the allegations in Paragraph 61 for want of knowledge sufficient to form a belief as to their truth.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding quotations provided without context or citation and therefore deny them.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding quotations provided without context or citation and therefore deny them.

64.     Defendants deny the allegations in Paragraph 64 for want of knowledge sufficient to form a belief as to their truth.

65.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding quotations provided without context or citation and therefore deny them.

66.     Defendants admit the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 consist of legal conclusions and assertions to which no response is required.  To the extent any further response is necessary, Defendants deny the remaining allegations in Paragraph 67.

68.     Defendants admit the allegations in Paragraph 68.

69.     Defendants deny the allegations in Paragraph 69.

70.     H.B. 194, S.B. 205, and S.B. 216 speak for themselves.  Defendants admit that Governor Kasich signed House Bill 194 into law on July 1, 2011.  To the extent any further response is required, Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants admit that the General Assembly repealed H.B. 194 on August 15, 2012.  Defendants deny any remaining allegations in Paragraph 71.

72.     The Secretary's directives and the record and decisions in *Obama for America v. Husted* speak for themselves.  Defendants deny the remaining allegations in Paragraph 72.

73.     Defendants deny the allegations in Paragraph 73.

74.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding quotations provided without context or citation and therefore deny them.  Defendants deny any remaining allegations in Paragraph 74.

75.     Defendants deny the allegations in Paragraph 75 for want of knowledge sufficient to form a belief as to their truth.

76.     Defendants are without knowledge or information sufficient to form a belief as to the truth of allegations regarding quotations provided without context or citation and therefore deny them.

77.     Defendants deny the allegations in Paragraph 77 of the Complaint.

78.     Defendants admit the allegations in Paragraph 78.

79.     Defendants admit the allegations in Paragraph 79.

80.     Defendants admit the allegations in Paragraph 80, in part.  The bills, directive, and form referred to in this Paragraph speak for themselves and any allegations regarding their content require no response.

81.     Defendants admit that on or around July 10, 2014, counsel for the Ohio Democratic Party delivered a letter to Secretary Husted.  The letter speaks for itself.

82.     Defendants admit that on September 5, 2014, Secretary Husted issued Directive 2014-27 and re-prescribed Form 11-S.  These documents speak for themselves, and allegations regarding their content require no response.  To the extent any further response is required, Defendants deny any remaining allegations in Paragraph 82.

83.     Paragraph 83 consists of legal conclusions to which no response is required. Further answering, Defendants state that S.B. 205 and S.B. 216 speak for themselves and allegations regarding their content, in this and subsequent paragraphs, require no response. To the extent any further response is necessary, Defendants deny the allegations in Paragraph 83.

84.     Paragraph 84 consists of legal conclusions to which no response is required. To the extent any further response is required, S.B. 205, S.B. 216, and the Secretary's directives speak for themselves.

85.     Paragraph 85 consists of legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in Paragraph 85.

86.     Paragraph 86 consists of legal conclusions to which no response is required. To the extent any further response is required, Defendants deny the allegations in Paragraph 86.

87.     Paragraph 87 consists of legal conclusions and argument to which no response is required. To the extent further response is required, Defendants deny the allegations in Paragraph 87.

88.     Paragraph 88 consists of legal conclusions and argument to which no response is required. To the extent further response is required, Defendants deny the allegations in Paragraph 88.

89.     Paragraph 89 consists of legal conclusions and argument to which no response is required. To the extent further response is required, Defendants deny the allegations in Paragraph 89.

90.     Paragraph 90 consists of legal conclusions and argument to which no response is required. To the extent further response is required, Defendants deny the allegations in Paragraph 90.

91.     Paragraph 91 consists of legal conclusions and argument to which no response is required.   To the extent further response is required, Defendants deny the allegations in Paragraph 91.

92.     Paragraph 92 consists of legal conclusions to which no response is required.

93.     Paragraph 93 consists of legal conclusions to which no response is required.   To the extent any further response is required, Defendants state that S.B. 216 and the Secretary's directives speak for themselves.

94.     Paragraph 94 consists of legal conclusions to which no response is required.   To the extent any further response is required, Defendants state that S.B. 216 speaks for itself.

95.     Paragraph 95 consists of legal conclusions to which no response is required.   To the extent any further response is required, Defendants state that S.B. 216 speaks for itself.

96.     Paragraph 96 consists of legal conclusions to which no response is required.

97.     Paragraph 97 consists of legal conclusions and argument to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 97.

98.     Paragraph 98 consists of legal conclusions and argument to which no response is required.   To the extent further response is required, Defendants deny the allegations in Paragraph 98.

99.     Paragraph 99 consists of legal conclusions and argument to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 99.

100.     Paragraph 100 consists of legal conclusions and argument to which no response is required.  To the extent further response is required, Defendants deny the allegations in Paragraph 100.

101.     Paragraph 101 consists of legal conclusions and argument to which no response is required.  Further answering, Defendants state that S.B. 216 speaks for itself.  To the extent further response is required, Defendants deny the allegations in Paragraph 101.

102.     Paragraph 102 consists of legal conclusions and argument to which no response is required.  Further answering, S.B. 216 speaks for itself.  To the extent further response is required, Defendants deny the allegations in Paragraph 102.

103.     Paragraph 103 consists of legal conclusions to which no response is required.  To the extent any further response is required, Defendants state that S.B. 216 speaks for itself.

104.     Paragraph 104 consists of legal conclusions and argument to which no response is required.  Further answering, S.B. 216 speaks for itself.  To the extent further response is required, Defendants deny the allegations in Paragraph 104.

105.     Paragraph 105 consists of legal conclusions to which no response is required.  Further answering, Defendants state that S.B. 216 speaks for itself.

106.     Defendants deny the allegations in Paragraph 106 and specifically deny that Plaintiffs are entitled to any form of relief.

107.     Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

108.     42 U.S.C. § 1973aa speaks for itself, and allegations regarding its content require no response.

109.     42 U.S.C. § 1973aa(a) speaks for itself, and allegations regarding its content require no response.

110.     42 U.S.C. § 1973aa(b) speaks for itself and allegations regarding its content require no response.

111.     Paragraph 111 consists of legal conclusions to which no response is required. Further answering, Defendants state that S.B. 205 and S.B. 216 speak for themselves, and allegations regarding their content require no response.

112.     Paragraph 112 consists of legal conclusions to which no response is required. Further answering, Defendants state that S.B. 205 and S.B. 216 speak for themselves, and allegations regarding their content require no response.

113.     Defendants deny the allegations in Paragraph 113.

114.     Defendants deny the allegations in Paragraph 114.

115.     Defendants deny the allegations in Paragraph 115 and specifically deny that Plaintiffs are entitled to any relief.

116.     Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

117.     42 U.S.C. § 1971 speaks for itself, and allegations regarding its content require no response.

118.     42 U.S.C. § 1971(a)(2)(B) speaks for itself, and allegations regarding its content require no response.

119.     Defendants deny the allegations in Paragraph 119.

120.     Defendants deny the allegations in Paragraph 120.

121.     Defendants deny the allegations in Paragraph 121 and specifically deny that Plaintiffs are entitled to any form of relief.

122.     Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

123.     Defendants admit the allegations in Paragraph 123.

124.     Paragraph 124 consists of legal conclusions to which no response is required.

125.     Defendants deny the allegations in Paragraph 125.

126.     Defendants deny the allegations in Paragraph 126.

127.     Defendants deny the allegations in Paragraph 127.

128.     Defendants admit that the right to vote is a fundamental constitutional right.

129.     Defendants deny the allegations in Paragraph 129.

130.      Paragraph 130 consists of legal conclusions and assertions to which no response is required.  To the extent any further response is required, Defendants deny the allegations in Paragraph 130.

131.     Defendants deny the allegations in paragraph 131.

132.     Paragraph 132 consists of legal conclusions to which no response is required.  To the extent further response is required, Defendants deny the allegations in Paragraph 132.

133.     Defendants deny the allegations in paragraph 133.

134.     Defendants deny the allegations in paragraph 134 and specifically deny that Plaintiffs are entitled to any form of relief.

135.     Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

136.     Paragraph 136 consists of legal conclusions to which no response is required.

137.    Paragraph 137 consists of legal conclusions to which no response is required.

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants deny the allegations in Paragraph 139.

140.    Defendants deny the allegations in Paragraph 140.

141.    Defendants deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142 and specifically deny that Plaintiffs are entitled to any relief.

143.    Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

144.    Paragraph 144 consists of legal conclusions to which no response is required.

145.    Paragraph 145 consists of legal conclusions to which no response is required.

146.    Paragraph 146 consists of legal conclusions to which no response is required.  To the extent further response is required, Defendants deny the allegations in Paragraph 146.

147.    Defendants deny the allegations in Paragraph 147.

148.    Defendants deny the allegations in Paragraph 148.

149.    Defendants deny the allegations in Paragraph 149 and specifically deny that Plaintiffs are entitled to any form of relief.

150.    Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

151.    Paragraph 151 consists of legal conclusions to which no response is required.

152.    Defendants deny the allegations in Paragraph 152.

153.    Defendants deny the allegations in Paragraph 153.

154.    Defendants deny the allegations in Paragraph 154 and specifically deny that Plaintiffs are entitled to any form of relief.

155.    Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

156.    Paragraph 156 consists of legal conclusions to which no response is required.

157.    Defendants deny the allegations in Paragraph 157.

158.    Defendants deny the allegations in Paragraph 158.

159.    Defendants deny the allegations in Paragraph 159 and specifically deny that Plaintiffs are entitled to any form of relief.

160.    Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

161.    Paragraph 161 consists of legal conclusions to which no response is required. Further answering, Defendants state that 42 U.S.C. § 1973 speaks for itself.

162.    42 U.S.C. § 1973(a) speaks for itself, and allegations regarding its content require no response.

163.    42 U.S.C. § 1973(b) speaks for itself, and allegations regarding its content require no response.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169.    Defendants deny the allegations in Paragraph 169.

170.     Defendants deny the allegations in Paragraph 170 and specifically deny that Plaintiffs are entitled to any form of relief.

171.     Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

172.     The allegations in Paragraph 172 consist of legal conclusions to which no response is required.

173.     The Fifteenth Amendment to the United States Constitution speaks for itself.

174.     Defendants deny the allegations in Paragraph 174.

175.     Defendants deny the allegations in Paragraph 175.

176.     Defendants deny the allegations in Paragraph 176.

177.     Defendants deny the allegations in Paragraph 177.

178.     Defendants deny the allegations in Paragraph 178 and specifically deny that Plaintiffs are entitled to any form of relief.

179.     Defendants restate the responses contained in each of the paragraphs above as if they were fully set forth here.

180.     Paragraph 180 consists of legal conclusions to which no response is required.

181.     Paragraph 181 consists of legal conclusions to which no response is required.  To the extent further response is required, Defendants deny the allegations in Paragraph 181.

182.     Defendants deny the allegations in Paragraph 182.

183.     Defendants deny the allegations in Paragraph 183 for want of knowledge sufficient to form a belief as to their truth.

184.     Defendants deny the allegations in Paragraph 184.

185.     Defendants deny the allegations in Paragraph 185.

186.    Defendants deny the allegations in Paragraph 186.

187.    Defendants deny the allegations in Paragraph 187.

188.    Defendants deny the allegations in Paragraph 188 and specifically deny that Plaintiffs are entitled to any form of relief.

189.    Defendants deny each and every allegation not specifically admitted to be true. To the extent any headers set forth allegations, those are denied.

190.    Defendants deny any allegations within the prayer and request for relief and specifically deny that Plaintiffs are entitled to any form of relief.

## AFFIRMATIVE DEFENSES

Having answered Plaintiffs' Second Supplemental Complaint, Defendant raises the following defenses:

191.    The Court lacks continuing jurisdiction under the Consent Decree over Plaintiffs' Second Supplemental Complaint.

192.    Plaintiffs lack standing to bring their claims.

193.    Plaintiffs fail to state a claim upon which relief may be granted.

194.    Plaintiffs' Complaint includes claims for which there is no private cause of action.

195.    None of the challenged laws violates the First Amendment to the United States Constitution.

196.    None of the challenged laws violates the Fourteenth Amendment to the United States Constitution.

197.    None of the challenged laws violates the Fifteenth Amendment to the United States Constitution.

198.    None of the challenged laws violates 42 U.S.C. § 1973aa.

199.    None of the challenged laws violates 42 U.S.C. § 1971.

200.    None of the challenged laws violates 42 U.S.C. § 1983.

201.    None of the challenged laws violates 42 U.S.C. § 1973.

202.    None of the challenged laws violate the Constitution or any other law.

203.    The statute of limitations or laches bars some or all of Plaintiffs' claims.

204.    None of the challenged statutes, bills, laws, or directives violates Section 2 of the Voting Rights Act.

205.    None of the challenged statutes, bills, laws, or directives violates Section 1971 of the Civil Rights Act of 1964, 52 U.S.C. § 10101(a)(2)(B).

206.    None of the challenged statutes, bills, laws, or directives discriminates against or has a disparate impact based on race or age.

207.    Plaintiffs are unable to prove discriminatory intent.

208.    The challenged statutes, bills, codes, laws, and directives are neutral and nondiscriminatory.

209.    The challenged statutes, bills, codes, laws, and directives are supported by rational, legitimate, or compelling state interests.

210.    Plaintiffs are unable to prove a causal connection between the injury they allege and any of the challenged statutes, bills, laws, or directives.

211.    Plaintiffs' inability to prove an objective benchmark causes Plaintiffs' Voting Rights Act claim to fail.

212.    Plaintiffs are not entitled to facial relief because Plaintiffs cannot prove the required showing for this relief.

213.    Plaintiffs' claims for relief violate the doctrine of judicial restraint.

214. The doctrines of impossibility, impracticability, and *Purcell v. Gonzalez*, 549 U.S. 1 (2006), bar Plaintiffs' claims.

215. Eleventh Amendment immunity bars some or all of Plaintiffs' claims.

216. Defendants reserve the right to add defenses, including affirmative defenses, as may become apparent during the course of this proceeding.

WHEREFORE, having fully answered, Defendants respectfully request that Plaintiffs' claims be dismissed in their entirety, with prejudice, and that any and all relief be denied.

Respectfully submitted,

MICHAEL DEWINE (0009181)
Ohio Attorney General

*/s/ Bridget E. Coontz*
BRIDGET E. COONTZ (0072919)
ZACHERY P. KELLER (0086930)
RYAN L. RICHARDSON (0090382)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, OH 43215-3428
Telephone: 614-466-2872
Fax: 614-728-7592
bridget.coontz@ohioattorneygeneral.gov
zachery.keller@ohioattorneygeneral.gov
ryan.richardson@ohioattorneygeneral.gov

*Counsel for Defendants Secretary of State*
*Jon Husted and State of Ohio*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of August, 2015, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Bridget E. Coontz*
BRIDGET E. COONTZ (0072919)
Assistant Attorney General
