IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS, *et al.*, : : Plaintiffs, : : v. : : JON HUSTED, in his official capacity as Secretary of the State of Ohio, *et al.*, : : Defendants. : | Case No. 2:06-CV-896 JUDGE ALGENON L. MARBLEY Magistrate Judge Terence P. Kemp |

## OPINION & ORDER

Before the Court are Respondent Miami County Board of Elections' ("Miami County") January 22, 2016 Motion to Quash (Doc. 515) and Plaintiffs' The Ohio Coalition for the Homeless, *et al.* ("NEOCH") Motion for Extension of Time (Doc. 516). Miami County's Motion to Quash is **DENIED**. NEOCH's Motion for Extension of Time is **GRANTED in part** and **DENIED in part**.

### I. Brief Background

On January 25, 2016, Plaintiffs filed a Motion for Extension of Time to extend deadlines for the matter. (Doc. 516.) Plaintiffs sought to change the case schedule by pushing back the deadline for discovery to April 15, 2016 in preparation for a trial to commence in mid-June.

Plaintiffs argue that, although Plaintiffs have so far discovered "strong evidence" that certain county elections boards have engaged in impermissible elections behavior, Plaintiffs need more time to conduct more discovery. (Doc. 516 1.)

Plaintiffs further allege resistance on the part of counties who are refusing to produce relevant evidence, (Doc. 516 2), including Miami County's Motion to Quash, which claims that

1

Plaintiffs' subpoena "fails to allow for a reasonable time in which the Board may comply with the subpoena," deeming the subpoena "burdensome and oppressive," and arguing that the subpoena "requires the disclosure of documents and/or information which is prohibited by law." (Doc. 515 3.)

Plaintiffs contend that certain defendants have recently suggested that a protective order must be entered before those defendants, under Ohio's Public Records Act, can protect certain confidential documents from public release. (Doc. 516 2.)

Defendants responded in opposition to Plaintiffs' Motion for Extension of Time on January 26, 2016. (Doc. 517.) Defendants argue that Plaintiffs failed to justify their request for an extension, and Defendants say that the case is actually "notable for the *lack* of discovery problems," and that he was "surprised" when Plaintiffs "reached out on the last day of discovery to request a three month extension of the case schedule." (*Id.* 2.) Defendants argue that Plaintiffs' claims regarding the foot-dragging of the counties "defy reality," (*id.* 3), and that the January 22, 2016 motion to quash filed by the Board of Elections of Miami County, mentioned above, is the only example Plaintiffs can cite. Defendants further argue that more discovery is unwarranted and would significantly prejudice Defendants. (*Id.* 4-5.)

The Court held a telephonic status conference on January 28, 2016 to address the above-referenced matters. (*See* Doc. 518.)

At the telephonic status conference parties' concerns were addressed and the following agreement reached: counsel for Plaintiffs and Defendants are to confer and draft a protective order to be filed with the Court on or before February 1, 2016. The terms of the protective order will protect the confidentiality of voters. Counsel for Miami County expressed concern in its motion to quash and at the above-referenced telephonic status conference that disclosure of

certain voter information on election paperwork to third parties would violate Ohio Revised Code § 3505.181(B)(5)(b) and 52 U.S.C. § 15482(a)(5)(B). Specifically, counsel argue that these statutes

> indicate that only the voter who cast a ballot provisionally may ascertain whether his or her ballot was counted. Under these provisions of law, only the names of voters and the precincts in which they cast their provisional ballots are subject to disclosure to persons other than the voter itself [sic]. Thus, to turn over to the Plaintiffs rejected provisional ballots would be a violation of law.

(Doc. 515 at 5.) This is incorrect for multiple reasons. Preliminarily, 52 U.S.C. § 15482(a)(5)(B) is not part of the United States Code. Counsel most likely meant to refer to 42 U.S.C. § 15482, the Help Americans Vote Act ("HAVA"),[1] which was transferred to 52 U.S.C. § 21082. It reads:

> The appropriate State or local election official shall establish a free access system (such as a toll-free telephone number or an Internet website) that any individual who casts a provisional ballot may access to discover whether the vote of that individual was counted, and, if the vote was not counted, the reason that the vote was not counted.

Ohio Revised Code § 3505.181(B)(5)(b) reads:

> If, at the time that an individual casts a provisional ballot, the individual provides identification in the form of a current and valid photo identification, a military identification, or a copy of a current utility bill, bank statement, government check, paycheck, or other government document, other than a notice of voter registration mailed by a board of elections under section 3503.19 of the Revised Code, that shows the individual's name and current address, or provides the individual's driver's license or state identification card number or the last four digits of the individual's social security number, the individual shall record the type of identification provided or the driver's license, state identification card, or social security number information and include that information on the provisional ballot affirmation under division (B)(3) of this section.

Miami County would have the Court interpret the statutes to mean that the person who cast the provisional ballot is the only entity with legitimate access to information on the ballot. Not so. Nothing in the plain language of the above-quoted statutes suggests that the voter who cast the provisional ballot is the *only* entity that may ascertain whether her ballot was counted. Further,

---

[1] *Thomas v. New York City Bd. of Elections*, 898 F. Supp. 2d 594, 597 (S.D. New York 2012).

the implications of that interpretation would be absurd. Indeed were the voter the only entity with access to such information, all oversight of the process of ballot handling, including judicial oversight, would be rendered impossible.

Due to the lack of any argument or authority supporting Miami County's interpretation of the statutes, the Court rejects it. *See Deutsche Bank Nat. Trust Co. v. Tucker*, 621 F.3d 460, 463 (6th Cir. 2010) ("If the statutory language is unambiguous, the judicial inquiry is at an end, and the plain meaning of the text must be enforced") (internal quotations omitted); *see also State v. Kreischer*, 109 Ohio St.3d 391 (2006) ("When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need for [the] court to apply rules of statutory interpretation.").

At the conference, Plaintiffs sought leave to depose representatives from fourteen additional county boards of elections. Defendants oppose Plaintiffs' request. The Court directs Plaintiffs to file a motion and supporting memorandum on or before February 1, 2016 setting forth the factual bases for the requested depositions. Plaintiffs must demonstrate that the requested depositions will produce information relevant to Plaintiffs' claims or defenses. Defendants will have until February 8, 2016 to respond in opposition.

All other deadlines as expressed in the September 25, 2015 Scheduling Order remain in effect, which are:

| | |
|---|---|
| February 1, 2016 | Motions for summary judgment due |
| February 15, 2016 | Responses to motions for summary judgment due |
| February 22, 2016 | Replies to motions for summary judgment |
| March 1, 2016 | Oral argument on motions for summary judgment |
| March 2, 2016 | Motions in limine, pretrial motions, designation of deposition portions, witness statements, stipulations, and exhibit lists due |

4

| | |
|---|---|
| March 8, 2016 | Memoranda contra pretrial motions or motions in limine, objections to deposition designations due, and final pretrial order |
| March 10, 2016 | Final pretrial conference, submission of trial briefs due |
| March 16, 2016 | Trial - opening statements and presentation of evidence. |

## II. ORDER

Miami County's Motion to Quash is **DENIED**. NEOCH's Motion for Extension of Time is **GRANTED in part** and **DENIED in part**.


**IT IS SO ORDERED.**


                                                                                          /s/ Algenon L. Marbley  
                                                                   **ALGENON L. MARBLEY**  
                                                                   **UNITED STATES DISTRICT JUDGE**


**DATED:  January 29, 2016**