IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS, *et al.*, | : : : | |
| Plaintiffs, | : : | Case No. 2:06-CV-896 |
| v. | : : | JUDGE ALGENON L. MARBLEY |
| JON HUSTED, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE STATE OF OHIO, | : : : : | Magistrate Judge Terence P. Kemp |
| Defendants. | : : | |

**OPINION & ORDER**

Before the Court is Plaintiffs the Northeast Ohio Coalition for the Homeless, *et al.* ("Plaintiffs") February 3, 2016 Motion for Leave to Conduct Additional Discovery (Doc. 524). Plaintiffs so move according to the Court's January 29, 2016 Order directing them to submit such a motion and memorandum in support of their request. (Doc. 520.) The Motion is fully briefed and ripe for review. For the reasons below, the Motion is **GRANTED in part** and **DENIED in part**.

**I. Brief Background**

Plaintiffs' Second Supplemental Complaint (Doc. 453) challenges recently-enacted state voting laws that require or permit Boards of Elections to reject absentee and provisional ballots if voters do not fill out all of the required fields on the ballots or if voters provide any information that does not match the records maintained by county Boards of Elections or the Secretary of the State of Ohio. (Doc. 524 at 5.)

1

Plaintiffs move the Court to grant them leave both to issue subpoenas *duces tecum* to and to conduct half-day telephonic depositions of the Boards of Elections for the counties of Adams, Carroll, Fayette, Gallia, Hardin, Harrison, Holmes, Meigs, Monroe, Morgan, Noble, Paulding, Vinton, and Wyandot in the State of Ohio. (*Id.* at 1.)

Plaintiffs submit that the evidence gathered thus far shows that in the November 2014 and November 2015 elections, Boards of Elections rejected a "substantial" number of absentee and provisional ballots for "hypertechnical reasons." (*Id.* at 3.) Plaintiffs subpoenaed the forms that accompanied counted provisional and absentee ballots in the 2012, 2013, 2014, and 2015 elections from 19 Boards of Elections in November of 2015. (*Id.* at 4.) Only one Board of Elections, Allen County's, produced evidence that it counted provisional ballots despite what Plaintiffs characterize as those ballots' "hypertechnical" deficiencies (*Id.* at 3.)  Rather than seek to enforce the November 2015 subpoenas, Plaintiffs now seek leave to obtain evidence from the 14 Boards of Elections that counted the fewest absentee and provisional ballots in the November 2014 and 2015 elections. (*Id.* at 4.)

On January 25, 2016, Plaintiffs requested leave to conduct additional discovery in order to seek documents and testimony supporting their position that certain county elections boards have failed to count the ballots of legitimate voters based on "trivial errors and omissions," and that these boards "have done so on an unequal and arbitrary basis." (Doc. 516 at 1.)

On January 29, 2016, the Court directed Plaintiffs to submit a motion and supporting memorandum on or before February 1, 2016 setting forth the factual bases for the requested depositions. (Doc. 520 at 4.) The Court directed Plaintiffs to demonstrate that the requested discovery would produce information relevant to their claims or defenses. (*Id.*) The Court gave Plaintiffs until February 3, 2016 to submit the motion and memorandum, which they did timely.

2

(*Id.*; Doc. 524.) On February 8, 2016, Defendant's responded in opposition. (Doc. 529.) Plaintiffs replied on February 9, 2016. (Doc. 530.)

## II. Law and Analysis

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its case schedule "only for good cause and with the judge's consent." To prevail, late-moving litigants must demonstrate that "despite their diligence they could not meet the original deadline." *Shane v. Bunzl Dist. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008) (quoting *Leary v. Daeschner*, 349 F.3d 888, 907 (6th Cir. 2003)). The Court's decision on the matter is reviewed for abuse of discretion, meaning it will be reversed only if a reviewing court is left with "a definite and firm conviction" that the Court committed a "clear error of judgment." *Shane*, 275 F. App'x at 536 (quoting *Dubay v. Wells*, 506 F.3d 422, 431 (6th Cir. 2007)).

According to Plaintiffs, "almost all" of the 19 county Boards of Elections served with prior subpoenas have refused to produce documents, objecting due to cost and burden. (Doc. 524 at 9.) Instead of forcing all of those counties' Boards of Elections to comply with prior subpoenas, Plaintiffs now seek leave to serve subpoenas on and conduct telephonic depositions of representatives from 14 county Boards of Elections. (*Id.* at 4.) Plaintiffs contend that the Court should grant them leave to conduct additional discovery to help prove three of Plaintiffs' claims, namely Counts One (unlawful literacy tests, 52 U.S.C. § 10501), Five (lack of uniform standards violating the Equal Protection Clause of the Fourteenth Amendment), and Seven (substantive due process under the Due Process Clause of the Fourteenth Amendment) of their Second Amended Complaint. (*Id.* at 5-7.) Plaintiffs admit that they could rely solely on the evidence provided by the Allen County Board of Elections but that they would rather develop a "robust record with evidence from a cross-section of Boards of Elections to develop a more complete

3

picture of how these ballots are being handled across the State of Ohio." (*Id.* at 4.) Plaintiffs understand why the Boards of Elections objected to producing the forms initially, namely that those counties are larger and counted high numbers of absentee and provisional ballots in the November 2014 and 2015 elections. (*Id.*) Plaintiffs now seek discovery on the 14 requested county Boards of Elections because those counties report the fewest absentee and provisional ballots in the November 2014 and 2015 elections. (*Id.*) These counties have fewer documents to produce and, according to Plaintiffs, can more easily produce the requested information. (*Id.*)

Defendants object to Plaintiffs' discovery request, contending that Plaintiffs were not diligent and that granting the request would prejudice Defendants. (Doc. 529 at 6-10.)

As to diligence, Defendants point out that the Court entered the case schedule for this matter on September 25, 2015, and that Plaintiffs waited nearly two months before issuing subpoenas on the boards. (*Id.* at 6.) Defendants further submit that Plaintiffs were on notice that they might not get the information they requested from the boards as soon as the boards issued their objections to the subpoenas, and that Plaintiffs' failure to do anything indicates a lack of diligence on Plaintiffs' part. (*Id.* at 7.) Defendants point out that Plaintiffs could have filed motions to compel, alerted Defendants and the Court of the objections, or pursued other measures that Plaintiffs did not. (*Id.* at 7.) And according to Defendants, "Plaintiffs . . . indisputably knew months ago . . . what the acceptance and rejection numbers/rates were - for each county in Ohio - for provisional and absentee ballots in both the 2014 and 2015 elections," and that Plaintiffs "selected from that list the counties they believed would be most beneficial to their case." (*Id.* at 8.) Now, say Defendants, Plaintiffs' wishing that they had selected different or additional counties should not be a basis for amending the discovery deadline. (*Id.*)

4

As to prejudice, Defendants submit that allowing Plaintiffs to seek additional evidence from the Boards of Elections burdens Defendants in trial preparation by, for example, forcing Defendants to "select and develop witnesses and otherwise prepare for trial without sufficient knowledge of the basis for Plaintiffs' challenges." (*Id.* at 9.) Defendants also submit that allowing more discovery would force parties to expend "significant resources" to review the documents and prepare for the depositions of 14 additional boards, despite what Defendants argue is information that will be "inevitably cumulative and duplicative of evidence Plaintiffs already have in their possession." (*Id.*) Defendants also point out that the Boards of Elections will be burdened by the discovery request, and that compliance with the discovery demands could prove difficult for those boards. (*Id.* at 10.)

Plaintiffs aver that they tried "mightily" to alleviate the burden on the Boards of Elections while seeking the evidence needed to support Plaintiffs' claims, and that they issued a second round of subpoenas with a "substantially narrowed" scope to the objecting county boards. (Doc. 530 at 1-2.) Plaintiffs also point out they waited till December 2015 to request the information because some time would necessarily elapse between the November 3, 2015 election and the time at which Boards of Elections would have the requested information. (*Id.*) Plaintiffs aver that they waited to request the information because they did not want to do so piece meal, not because of lack of diligence or strategic delay. (*Id.* at 2.) Plaintiffs further aver that they waited only five weeks between the Court's Order allowing the service of the subpoenas and Plaintiffs' serving those subpoenas. (*Id.* at 4.)

The Court is satisfied with Plaintiffs' demonstrated diligence and explanation for the delay. Counsel both for Plaintiffs and Defendants have thus far behaved with the utmost diligence and professionalism, and the Court has no concerns about their diligence now. The

5

Court is concerned, however, with the fairness of allowing the deposition of the 14 additional Boards of Elections so close to the March 16, 2016 trial date. On the one hand, the Court finds well taken Defendants' concern that allowing those depositions could pose severe logistical and time-related problems. On the other hand, the Court also finds well taken Plaintiffs' argument that the information Plaintiffs seek is relevant to Plaintiffs' case and that, were such discovery not allowed at this time, Plaintiffs would nevertheless subpoena those same County Boards of Elections officials for the same information to be submitted for evidence in trial. (Doc.530 at 5.) Granting Plaintiffs' request to subpoena the information would allow those officials more time to prepare, and give counsel for both Plaintiffs and Defendants time to review the documents in advance of trial. In the interest of more efficient trial preparation, the Court **GRANTS** Plaintiffs' request to issue subpoenas *duces tecum* to the 14 requested county Boards of Elections. The Court **DENIES** Plaintiffs' request to depose the same.

## CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Plaintiffs' Motion for Leave to Conduct Additional Discovery. The Court **GRANTS** Plaintiffs leave to issue subpoenas *duces tecum* to the Boards of Elections of Adams, Carroll, Fayette, Gallia, Hardin, Harrison, Holmes, Meigs, Monroe, Morgan, Noble, Paulding, Vinton, and Wyandot Counties in the State of Ohio. The Court **DENIES** Plaintiffs leave to depose the same. Plaintiffs are directed to notify the Court at the earliest possible moment of any objections or non-compliance from any of the county Boards of Elections.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
UNITED STATES DISTRICT COURT

**Dated: February 19, 2016**