IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE NORTHEAST OHIO COALITION FOR THE HOMELESS, *et al.*, : : : | |
| Plaintiffs, : : | Case No. 2:06-CV-896 |
| v. : : | JUDGE ALGENON L. MARBLEY |
| JON HUSTED, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE STATE OF OHIO, : : : : | Magistrate Judge Terence P. Kemp |
| Defendants. : | |

**ORDER**

Before the Court is Defendants Ohio Secretary of State Jon Husted's and the State of Ohio's ("Defendants") Partial Motion to Stay Pending Appeal (Doc. 784), which incorporates the June 8, 2016 Motion to Stay Pending Appeal (Doc. 694). Defendants so move to avoid complicating two unanticipated special elections—one a special municipal recall election to be held on August 23, 2016 in the City of Upper Arlington (the "August election"), and the other a special (uncontested) Democratic Party primary election to be held on September 13, 2016 (the "September election"). Defendants move to suspend in part the Court's injunction as ordered in its June 7, 2016 Final Judgment (Doc. 691). (Doc. 784 at 1.)

Defendants aver that implementing new election-administration standards contained in the Final Judgment would create the risk of confusion for the administration of the two elections. Plaintiffs the Northeast Ohio Coalition for the Homeless, Columbus Coalition for the Homeless, and Intervenor-Plaintiff the Ohio Democratic Party take no position as to the August election except if the Sixth Circuit Court of Appeals renders a decision before the election results are

certified. Plaintiff's position as to Defendants' request for a stay concerning the September election is that the request is premature until early September.

The factors regulating a court's issuance of a stay pending appeal are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776-77 (1987) (citing *Virginia Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (D.C. Cir. 1958); *Washington Metropolitan Area Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 842-44 (D.C. Cir. 1977); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986); *Accident Fund v. Baerwaldt*, 579 F. Supp. 724, 725 (W.D. Mich. 1984); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2904 (1973)).

As to the August election, given Plaintiffs' lack of opposition and Defendants' showing on the equitable factors, i.e. inconvenience and confusion in the administration of an election only five days away, the Court **GRANTS** Defendants' motion, staying enforcement of the Court's injunction as ordered in its June 7, 2016 Final Judgment (Doc. 691).

As to the September election, although Defendants have not made a *strong* showing that they are likely to succeed on appeal, applying factor 2 leads this Court to conclude that a stay is warranted. The September election is uncontested; hence, there is no indication that Plaintiffs or the electorate will suffer any harm whatsoever. Given that unique circumstance—the uncontested nature of the election—there is no need for this Court to reach the remaining *Hilton* factors. The Court thus **GRANTS in full** Defendants' Partial Motion to Stay Pending Appeal (Doc. 784).

**IT IS SO ORDERED.**

                                      <u>s/Algenon L. Marbley</u>
                                      **ALGENON L. MARBLEY**
                                      **UNITED STATES DISTRICT COURT**

**Dated: August 18, 2016**